STANDARD PRELIMINARY ORDER FOR ALL CIVIL CASES

To facilitate efficient disposition of motions and prompt resolution of disputes, the Court supplements and modifies the Local Rules as follows. It is **ORDERED** that:

1. The Court enforces the requirements of the Local Rules, as modified and supplemented herein. Parties are reminded that spacing, margin, and font constraints are mandatory, as are word limits; legal arguments require citation to legal authority; factual assertions unsupported by citation to specific evidence in the record will be disregarded; and a citation to a multi-page exhibit must contain a pin cite to the specific page and, where possible, the line or paragraph number containing the cited evidence. To the extent a party incorporates by reference arguments in other briefs, the word limit for the incorporating brief is correspondingly decreased.

2. Litigants should submit proposed orders contemplated by Local Rule 5.3(f)(3) in Word format.

3. The parties are excused from compliance with Local Rule 5.1 absent specific request from the Court. When requested, litigants shall deliver paper copies of briefs and exhibits to the Case Manager within three business days.

4. Because the Court generally works paperless, it is helpful for the parties to refer to pleadings, briefs, exhibits, and other materials on the docket by the CM-ECF docket and page number, when that is possible.

5. When a party proffers deposition testimony in support of or in opposition to a motion, per Local Rule 7.1(c), the party shall submit relevant excerpts and plenty of surrounding content to provide context for cited passages. All excerpts from one person's

deposition shall be submitted as one exhibit. Condensed transcripts of depositions are welcome. If a deposition transcript contains fewer than 30 pages, or if the litigant contemplates that the deposition will be referenced in motions several times over the course of the litigation, it may be submitted in full.

6. If one party has filed a document, a deposition, or other evidentiary material as an exhibit in support of or opposition to a motion, the exhibit should not ordinarily be filed again absent a specific reason. Whether needed in connection with the motion at issue or a future motion, the previously-filed exhibit can simply be referenced and incorporated by description and CM-ECF docket number. Unnecessary duplicates complicate the record and confuse the Court.

7. The Court discourages motions to seal, especially in connection with motions unrelated to discovery disputes, as the public has a strong interest in access to court records and courts have a strong interest in transparency. If a party nonetheless intends to file a motion to seal, the following rules apply:

    A. For motions to seal contemplated in connection with briefing or exhibits related to a dispositive motion, a motion to compel arbitration, a motion for class certification, or other motion unrelated to discovery, the party must seek a telephone conference with the Court at least three weeks before filing the motion to seal. The request should be directed by email to the Court's case manager. Failure to request such a conference followed by the filing of a motion to seal may result in the denial of the motion or in an appropriate sanction.

B. A party seeking to file an exhibit or brief fully or partially under seal has the burden to establish, both as to the facts and the law, why public access should be denied. Statements in briefs are not evidence and are insufficient to meet this burden. The Court requires an affidavit from a knowledgeable witness explaining what content is confidential and why. Overbroad or unsupported motions will be denied without a second chance. Before filing a motion to seal, counsel should review some of the Court's many opinions in this area, several of which are available on the Middle District website under "Opinions." Patent cases are not treated differently.

C. When an exhibit contains evidence relevant to a pending motion along with other words, sentences, paragraphs, pages, or attachments that are not relevant or necessary to the Court's consideration of the pending motion and filing the irrelevant matters would necessitate a motion to seal, a party may redact the irrelevant information from the exhibit without filing a motion to seal and without filing a complete unredacted copy.

D. When filing a motion to seal, the moving party shall, in the unredacted version filed under seal per LR 5.4(a), highlight in yellow all of the information sought to be sealed so that the Court can easily identify the information sought to be sealed.

8. If a handwritten brief or pleading is necessary in the case of a pro se

3

Case 1:20-cv-00998-CCE-LPA   Document 2   Filed 11/04/20   Page 3 of 4

litigant, the document must be double-spaced and legible.  It must comply with the margin requirements of the Local Rules.

9. The Court often shortens the time for briefing in connection with motions to amend, discovery disputes, and other non-dispositive motions.  The parties should plan accordingly.

    /s/ Catherine C. Eagles
UNITED STATES DISTRICT JUDGE