IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JUSTICE FOR THE NEXT GENERATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO.: 1:20-cv-00998 ) |
| TERRY JOHNSON, in his official and individual capacities as Alamance County Sheriff, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS TERRY JOHNSON AND CLIFF PARKER'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Now come Defendants Terry Johnson, individually and in his official capacity as Alamance County Sheriff, and Cliff Parker, individually and in his official capacity as Alamance County Chief Deputy Sheriff ("County Defendants"), by and through undersigned counsel, and pursuant to Local Rule 7.2(a), hereby submit this Response to Plaintiff's Motion for Leave to File Second Amended Complaint [DE 46]. For the reasons stated below, the County Defendants respectfully request that Plaintiff's Motion be DENIED.

## STATEMENT OF THE FACTS

Plaintiffs allege in their First Amended Complaint [DE 19] that on October 31, 2020, Plaintiffs participated in the "I am Change March to the Polls" in downtown Graham, North Carolina. [*Id* ¶1]. Organizers intended for the March to begin at Wayman's Chapel AME Church and proceed up North Main Street toward the Historic Courthouse and stop at the Alamance Court

House square for a rally with speeches and ultimately culminate near the Elm Street polling place. [*Id* ¶¶ 72, 88]

When the March participants arrived at the Court House square they stopped in the street and conducted a moment of silence for 8 minutes and 46 seconds. [*Id* ¶ 95] Immediately after the remembrance, Plaintiff Drumwright told the crowd to wait while he put up the stage and sound system. [*Id* ¶ 97] Soon thereafter, officers discharged pepper spray against the protestors in the street. [*Id* ¶ 99] After the discharge of pepper spray, several speeches were made. [*Id* ¶¶111-112] Officers deployed pepper spray a second and third time. [*Id* ¶¶116, 124] A number of March attendees, including Plaintiff Drumwright, were arrested and charged with criminal violations related to the protest. [*Id* ¶¶ 127, 138] Plaintiff's Mitchell and Cook were able to go to the Elm St. early voting site and Plaintiff Cook was able to vote on October 31, 2020. [*Id.* ¶¶133-134]

Plaintiff's First Amended Complaint states seven causes of action, including:

> Count I: Violations of the First Amendment right to free expression, free association and assembly pursuant to 42 U.S.C. §1983;
>
> Count II: Violations of the Fourth Amendment right to be free from unreasonable searches and seizures pursuant to 42 U.S.C. §1983;
>
> Count III: Violations of Section 11(b) of the Voting Rights Act pursuant to 52 U.S.C. § 10307;
>
> Count IV: Violations of the Ku Klux Klan Act of 1871 pursuant to 42 U.S.C. § 1985(3);
>
> Count V: Violation of Article I, Section 14 of the North Carolina Constitution;
>
> Count VI: Violation of Article I, Section 12 of the North Carolina Constitution, and;
>
> Count VII: Common Law Assault and Battery/Excessive Force.

Plaintiff's First Amended Complaint seeks the following:

a) Declaratory relief that Defendants' dispersal orders, use of pepper spray, and arrests against peaceful marchers violated Plaintiff's rights to free speech and assembly under the First, Fourth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 12 and 14 of the North Carolina Constitution, and

b) Declaratory relief that Defendants' dispersal orders, use of pepper spray against, and arrests of peaceful marchers to the polls violates the rights of Plaintiff's Jones, Cook, Batten, and members of J4tNG and AA4J under section 11(b) of the Voting Rights Act, and 42 U.S.C. § 1985;

c) Damages, including punitive damages;

d) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1920, 42 U.S.C. § 1988, and 52 U.S.C. § 10310; and

e) Such other relief as the Court deems just and reasonable.

## ARGUMENT

"Although leave to amend should be 'freely give[n] when justice so requires,'" Fed.R.Civ.P. 15(a)(2), a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.' *Equal Rts. Ctr. v. Niles Bolton Assocs*., 602 F.3d 597, 603 (4th Cir. 2010) quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *See Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir.2006) (en banc). Defendants contend that this Court has justifiable reason, as set forth below, to deny Plaintiff's motion.

Within forty-eight (48) hours of the Plaintiff's October 31, 2020 "I Am Change March to the Polls", Plaintiffs Gregory Drumwright, Edith Ann Jones and Justice for The Next Generation filed their first Complaint for Temporary Restraining Order and Emergency Declaratory Relief

against Defendants Alamance County Sheriff Terry Johnson and City of Graham Chief of Police Mary Kristy Cole. [DE 1]. Plaintiff's Complaint [DE 1] sought injunctive and declaratory relief, damages including punitive damages, and attorney fees and costs for alleged violations of the First and Fourth Amendment, as well as violations of the Voting Rights Act and the Ku Klux Klan Act of 1871.

Less than six weeks later, on December 11, 2020, and with the Defendant's written consent [DE 19 p.3], Plaintiffs filed their fifty-one (51) page, two-hundred twelve (212) paragraph First Amended Complaint [DE 19]. Plaintiff's First Amended Complaint added an additional organizational party, Alamance Alliance for Justice, and twelve (12) additional individual plaintiffs. In addition to the new plaintiffs, three additional individual defendants and thirty (30) John and Jane Does officers and deputies were named. In addition to the same relief sought in Plaintiff's Complaint [DE 1], Plaintiffs added new two new allegations of violations of rights under the North Carolina Constitution and a new count alleging common law assault and battery/false arrest.

All of allegations contained in Plaintiff's Complaint [DE 1] and Plaintiff's First Amended Complaint [DE 19] focus on the events culminating at the October 31, 2020 "I am Change March to the Polls". [DE 1¶1] [DE 19 ¶1].

Now, a year later, Plaintiffs seek to cast a wider net and obtain leave to file their eighty-two (82) page, three-hundred sixty five (365) paragraph Second Amended Complaint and add three (3) new individual plaintiffs, sixteen (16) new individual Sheriff defendants, fifteen (15) new individual Graham Police defendants, assert a new claim of false arrest on behalf of two previously named individual defendants (Harvey and Cook), and an additional new claim

challenging the City of Graham's Ordinance §20-178 "passed since the filing of the First Amended Complaint". [DE 46 ¶10]

Plaintiff's cite in their Motion, "[t]hese amendments will cause no unanticipated delay in this proceeding" [*Id*. ¶11] and "[n]or does this amendment add issues that expand the scope of discovery" [*Id*. ¶12] and, "Defendants will not be prejudiced by the additional claims alleged" [*Id*. ¶13]. Plaintiff's assertions are short-sighted and fail to acknowledge the depth, breadth and confusion that the additional parties and unrelated claims will bring to the discovery necessary to litigate this matter.

Plaintiffs now seek to introduce new allegations related to the arrest of Plaintiff Harvey on April 27, 2021 [DE 46 Exhibit A, ¶¶289-295] and the arrest of Plaintiff Cook on May 5, 2021[DE 46 Exhibit A, ¶¶296-304]. Neither of these incidents occurred on October 31, 2020. Plaintiff's also seek to introduce new allegations related to the enactment of the City of Graham's new ordinance related to parades, protests and street events. [DE 46 Exhibit A, ¶¶275-288].

**A. The Court should deny the motion to add additional parties**

"A court determining whether to grant a motion to amend to join additional parties, as is the case here, "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001).

Rule 20(a)(1) pertains to adding defendants and provides that:

Persons *may* join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) *any question of law or fact common to all plaintiffs* will arise in the action."

Fed. R. Civ. P. 20(a)(1). (*emphasis added*)

Rule 20(a)(2) pertains to adding plaintiffs and provides that:

Persons…*may* be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any *question of law or fact common to all defendants* will arise in the action.

Fed. R. Civ. P. 20(a)(2) (*emphasis added*)

Each of the individually named Plaintiff's, both existing and proposed, are asserting individualized claims against individual defendants. There is not a question of law or fact common to all plaintiffs or all defendants in the individualized common law false arrest claims proposed by Plaintiff's in Count VIII of their Second Amended Complaint [DE 46 Exhibit A Count VIII, ¶¶357-361]. Likewise, there is no question of law or fact common to all defendants in the individualized common law assault and battery/excessive force claims proposed by Plaintiff's in Count VII of their Second Amended Complaint [DE 46 Exhibit A Count VII, ¶¶353-356].

Plaintiff's proposed new claim attacking the City of Graham ordinance is factually unrelated to the events of October 31, 2020.

**B. The Court should deny the motion to add additional claims**

"As a general rule, courts should lean toward allowing a party to bring all related claims against a defendant in one action, to the extent that fairness allows. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") *Danis Env't Indus., Inc. v. Greenville Utilities Comm'n*, No. 4:03-CV-146-H3, 2006 WL 8438542, at *2 (E.D.N.C. Dec. 22, 2006)

By adding the Plaintiffs proposed additional claims, the Defendants will be prejudiced because the effect will be the creation of lawsuits within a lawsuit. Complicating and confusing the issues are the references to Plaintiff Harvey's multiple arrests by officers from different agencies in the Plaintiff's proposed Second Amended Complaint; including October 31, 2020 [DE 46 Exhibit A Count VII, ¶ 358], April 27, 2021 [*Id*. ¶ 359] and May 5, 2021 [*Id*. ¶ 352] Some of these arrests are the basis of the common law false arrest claim, yet apparently the May 5, 2021 arrest is not.

Finally, these Defendants respectfully request that this Court deny the addition of these new claims because they will unduly delay and confuse the trial of these matters.

**C. Inherent authority.**

This Court has the inherent power to control the fair, efficient and orderly administration of justice in this matter, as in all matters that come before it, and Defendants respectfully request that this Court exercise its inherent authority and deny Plaintiff's Motion. As explained by the Fourth Circuit in *Am. C.L. Union v. Holder*, 673 F.3d 245, 255–56 (4th Cir. 2011):

> "The inherent power of the lower federal courts falls into three main categories, none of which are absolute. *See, e.g., In re Stone,* 986 F.2d 898, 901–02 (5th Cir.1993); *Eash v. Riggins Trucking Inc.,* 757 F.2d 557, 562–64 (3d Cir.1985) (en banc); *United States v. Brainer,* 691 F.2d 691, 695–96 (4th Cir.1982). The first category of inherent powers is the core Article III power. This power is generally described as the ability of a lower federal court to decide a case over which it has jurisdiction. *See, e.g., United States v. Klein,* 80 U.S. (13 Wall.) 128, 146–47, 20 L.Ed. 519 (1871); *Brainer,* 691 F.2d at 695. Essentially, once Congress has established lower federal courts and provided jurisdiction over a given case, Congress may not interfere with such courts by dictating the result in a particular case. *See, e.g., Brainer,* 691 F.2d at 695. The second category of inherent powers consists of those powers "necessary to the exercise of all others." *In re Stone,* 986 F.2d at 902 (quotation omitted). "For the most part, these powers are deemed necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority." *See id.* These powers are subject to congressional regulation. *See Brainer,* 691 F.2d at 695–97 (noting power of federal courts to make procedural rules in the absence of congressional directive and describing the

> contempt power as an example). The third category of inherent powers "includes those reasonably useful to achieve justice." *In re Stone,* 986 F.2d at 902. Examples of such powers include "the power of a district court to appoint an auditor to aid in litigation involving a complex commercial matter." *Id.* Such powers are subject to congressional regulation. *Id."*

*Am. C.L. Union v. Holder*, 673 F.3d 245, 255–56 (4th Cir. 2011).

Defendants Johnson and Parker respectfully request that this Court exercise its inherent authority and power to protect the efficiency and orderly administration of justice in this matter and deny Plaintiff's motion for leave to file their Second Amended Complaint. If allowed, Plaintiff's proposed Second Amended Complaint will only conflagrate the issues and the nature of the primary relief Plaintiffs seek, declaratory and injunctive relief, and confuse the ultimate finder of fact and be prejudicial to the defense of these claims.

Respectfully submitted,

This the 22nd day of November, 2021.

                                              CRANFILL SUMNER LLP

                                      BY:   /s/Paul G. Gessner
                                                  Paul G. Gessner, NC Bar #18213
                                                  *Attorney for Defendant Terry Johnson and Cliff Parker*
                                                  P.O. Box 27808
                                                  Raleigh, NC 27607
                                                  Telephone (919)863-8734
                                                  Facsimile (919)863-3477
                                                  pgessner@cshlaw.com

                                      By:   */s/William L. Hill*
                                                  William L. Hill, NC Bar #21095
                                                  *Attorney for Defendant Terry Johnson and Cliff Parker*
                                                  Frazier, Hill & Fury, R.L.L.P.

2307 W. Cone Boulevard, Suite 260
Post Office Drawer 1559
Greensboro, North Carolina 27401
Telephone: (336) 378-9411
Facsimile: (336) 274-7358
whill@frazierlawnc.com

4895-5459-9428, v. 1

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), the undersigned certifies that the word count for this Response is less than 6250 words. The word count excludes the case caption, signature lines, cover page, and required certificates of counsel. In making this certification, the undersigned has relied upon the word count of the word-processing system used to prepare the brief.

This the 22nd day of November, 2021.

BY: /s/Paul G. Gessner
Paul G. Gessner, NC Bar #18213
*Attorney for Defendant Terry Johnson and Cliff Parker*
P.O. Box 27808
Raleigh, NC 27607
Telephone (919)863-8734
Facsimile (919)863-3477
pgessner@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day filed the foregoing *Response to Plaintiff's Motion for Leave to File Second Amended Complaint* with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

| | |
|---|---|
| Kristi L. Graunke<br>kgraunke@acluofnc.org<br><br>Elizabeth Haddix<br>ehaddix@lawyerscommittee.org | Anthony Biller<br>ajbiller@michaelbest.com<br><br>*Attorney for Defendant Mary Kristy Cole* |
| Daniel Siegel<br>dsiegel@acluofnc.org<br><br>Jaclyn Maffetore jmaffetore@acluofnc.org<br><br><br>*Attorneys for Plaintiffs* | William L. Hill<br>whill@frazierlawnc.com<br><br>*Attorneys for Defendant Terry Johnson* |

This the 22nd day of November, 2021.

BY: /s/Paul G. Gessner
Paul G. Gessner, NC Bar #18213
*Attorney for Defendant Terry Johnson and Cliff Parker*
P.O. Box 27808
Raleigh, NC 27607
Telephone (919)863-8734
Facsimile (919)863-3477
pgessner@cshlaw.com