# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JUSTICE FOR THE NEXT GENERATION, et al., ) ) ) Plaintiffs, ) ) v. ) ) TERRY JOHNSON, individually and ) in his official capacity as Alamance ) County Sheriff, et al., ) ) Defendants. ) ) ) ) | **Civil Action No. 1:20-cv-00998** |

## PLAINTIFFS' FIRST SET OF COMMON INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Rule 26.1, Plaintiffs Justice 4 the Next Generation (J4tNG), Alamance Alliance 4 Justice (AA4J), Reverend Gregory Drumwright, Edith Ann Jones, Faith Cook, Janet Nesbitt, Quenclyn Ellison on behalf of herself and her minor children, M.E. and Z.P., Melanie Mitchell, on behalf of herself and her minor children J.A. and B.A., Ernestine Lewis Ward, Edith Ward, Avery Harvey, and Ashley Reed Batten, by and through their counsel propound the following Interrogatories upon Defendants Sheriff Terry Johnson, Chief Deputy Sheriff Cliff Parker, Jonathan Franks, Chief Mary Kristine Cole, Lieutenant Joaquin Velez, and the City of Graham and request that they be answered separately, fully, in writing, and under oath within thirty (30) days of the date of service. Responses should be served by email to Elizabeth Haddix (ehaddix@lawyerscommittee.org), Jaclyn Maffetore

1

(jmaffetore@acluofnc.org), and Chris Knight (cknight@mayerbrown.com) or mailed to Lawyers' Committee for Civil Rights Under Law, P.O. Box 956, Carrboro, NC 27510. These interrogatories are continuing, and you are hereby requested and instructed to provide any and all supplemental information in response to any of these interrogatories that may become available after service of your initial answers.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories, the following terms have the following meanings and are intended to establish the broadest permissible interpretation of the defined terms permissible:

1. The "First Amended Complaint" refers to the Corrected First Amended Complaint filed by Plaintiffs in *Justice for the Next Generation, et al., v. Johnson, et al.*, Case No. 1:20-cv-00998-CCE-LPA on December 14, 2020.

2. Unless otherwise specified, "Plaintiffs" in the plural refers to Plaintiffs J4tNG, AA4J, Reverend Gregory Drumwright, Edith Ann Jones, Faith Cook, Janet Nesbitt, Quenclyn Ellison and her minor children, M.E. and Z.P., Melanie Mitchell and her minor children J.A. and B.A., Ernestine Lewis Ward, Edith Ward, Avery Harvey, and Ashley Reed Batten.

3. The "March to the Polls" refers to the "I am Change March to the Polls" that took place on October 31, 2020, as further described in the First Amended Complaint.

4. "Participant" includes any and all participants or perceived participants, including Plaintiffs, who marched with, witnessed, or otherwise took part in the March to the Polls, but shall not include any defendant.

5. "You" refers collectively to Defendants Sheriff Terry Johnson, Chief Deputy Sheriff Cliff Parker, Jonathan Franks, Chief Mary Kristine Cole, Lieutenant Joaquin Velez, in their individual and official capacities, and to Defendant City of Graham (together, "Defendants"), and any of Defendants' employees, supervisees, agents, apparent agents, attorneys, and all other persons, including corporate or other organizational "persons," acting for them or purporting to represent them or to act on their behalf.

6. "ACSO" refers to Alamance County Sheriff's Office and any employees, supervisees, agents, apparent agents, attorneys, and all other persons, including corporate or other organizational "persons," acting for it or purporting to represent it or to act on its behalf.

7. "ACSO Defendants" includes Defendants Sheriff Terry Johnson, Chief Deputy Sheriff Cliff Parker, and the Alamance County Sherriff's Deputies John and Jane Does identified in the First Amended Complaint.

8. "GPD" refers to Graham Police Department and any employees, supervisees, agents, apparent agents, attorneys, and all other persons, including corporate or other organizational "persons," acting for it or purporting to represent it or to act on its behalf.

9. "GPD Defendants" includes Defendants Chief Mary Kristine Cole, Lieutenant Joaquin Velez and the Graham Police Officers John and Jane Does identified in the First Amended Complaint.

10. "Use of force" includes the use of: (a) oleoresin capsaicin compound ("pepper" or "OC" spray, vapor, fog or balls), MK-9S spray, or any other chemical agent;

3

(b) baton, club, nightstick, or any other blunt instrument; (c) handcuffs, zipties, flexcuffs, or any other bodily restraint; (d) physical restraint to compel compliance; or (e) arrest. See Principles of the Law, Policing § 5.01 TD No 1 (2017) (noting that "force" refers to "physically touching a person or object either directly or indirectly, such as by use of a weapon, in order to control or restrain a person, or to seize, examine, or damage property" and that this definition is "consistent with both judicial rulings and state and federal statutes").

11. The word "document" includes all materials specified in Federal Rule of Civil Procedure 34(a)(1)(A) and "writings," "recordings," and "photographs," as encompassed by Federal Rule of Evidence 1001, and should be construed in the broadest sense permissible. The definition of "document" is intended to encompass "communications," and vice versa, which includes but is not limited to emails, telephone calls, letters, or other forms of communication, and recordings, notes, meeting minutes, or other documents reflecting the contents of any communications, as contemplated by Federal Rule of Civil Procedure 34 and the committee notes thereto. The definition of "document" is intended to also encompass any draft writings, redlines, and all versions of any document within Your possession, custody, or control.

12. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and all other groups of persons, organizations, or entities of any type.

13. "Bodycam Identification Codes" means the unique nine-digit alphanumeric code provided in the bodycam footage (for example, the nine-digit alphanumeric code starting with "X813").

14. With respect to a person, the word "identify" or any variations thereof (e.g., "identifying," "identification") shall mean to specify:

    a. Full name;
    b. Position/job title and employer;
    c. The general topics or subjects of knowledge, communications, or actions pertaining to that person.

15. With respect to a factual basis, "identify" or any variations thereof (e.g., "identifying," "identification") shall mean to specify:

    a. All supporting factual allegations;
    b. An opinion or contention that relates to fact or the application of law to fact; and
    c. The source of such allegations, opinions, or contentions, including but not limited to, pertinent documents or persons with knowledge.

16. The terms "include" or "including" do not limit the scope of the request and shall be construed as meaning including, but not limited to, the particular subject matter identified.

17. The singular shall include the plural and vice versa, the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

18. Each interrogatory shall be answered separately and fully in writing under oath. An incomplete or evasive answer is a failure to answer. If you cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please

5

explicitly so state and answer those remaining parts of the interrogatory which you are able to answer.

19. If you object to fully identifying a document because of a privilege, you must nevertheless provide the following information:

    a. The nature of the privilege claimed;
    b. The date of the document;
    c. The type of document, the custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee; and
    d. The general subject matter of the document.

20. If an interrogatory is objected to please state the specific reason(s) for the objection and answer the interrogatory to the extent it is not objectionable.

21. In answering these interrogatories, please furnish all information in the possession of your agents, co-workers, employees, attorneys, and all others from whom you may freely obtain it.

22. Each Defendant has a duty under the Rules to individualize their response where necessary and appropriate to do so, i.e., to the extent any individual Defendant's response to any of these requests differs in any way from another Defendant's response, responses should be set out separately.

# INTERROGATORIES

1. Identify and describe any and all briefings or meetings in which any Defendants participated to prepare for the March to the Polls, including the date, time, location, topics and materials reviewed or discussed, and identification of all participants.

2. Identify all persons involved and/or consulted in the creation of the Public Safety Plan, described in paragraphs 79-80 of the First Amended Complaint.

3. Identify all ACSO and GPD personnel who were part of the "unified command" between Defendants and/or other law enforcement agencies during the March to the Polls, including their specific job assignments or duties and any and all policies, rules, ordinance, laws or procedures they were charged with enforcing.

4. Identify all persons responsible for the decision to deploy the Special Response Team to the March to the Polls.

5. Identify all GPD and ACSO personnel who used force, or authorized the use of force, on any Participant in the March to the Polls, and describe their justification for each such use of force.

6. Identify all persons responsible for training GPD and ACSO personnel in use of force tactics, crowd control tactics, de-escalation techniques, and First and Fourth Amendment rights between April 1, 2020 and October 31, 2020, including the dates of training along with the identity of the trainer.

7. Describe in detail any and all property that was damaged or vandalized in the course of the March to the Polls, including a description of the location of the damaged property, a description of the damage, the timing of the damage, and identity of individual causing the damage.

Respectfully submitted, this the 31st day of August, 2021.

/s/ Elizabeth Haddix
Elizabeth Haddix
North Carolina Bar No. 25818
ehaddix@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
P.O. Box 956
Carrboro, NC 27510
Tel: 919-914-6106

/s/ Jennifer Nwachukwu
Jennifer Nwachukwu
Maryland Bar No. 20869
jnwachukwu@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8300
*Notice of Special Appearance Filed*

/s/Jaclyn Maffetore
Jaclyn Maffetore
North Carolina Bar No. 50849
jmaffetore@acluofnc.org
Kristi L. Graunke
North Carolina Bar. No. 51216
kgraunke@acluofnc.org
Daniel K. Siegel
North Carolina Bar No. 46397
dsiegel@acluofnc.org
ACLU of North Carolina Foundation
P.O. Box 28004
Raleigh, NC 27611-8004
Tel: 919-834-3466

Jason Keith
North Carolina Bar No. 34038
Keith & Associates, PLLC
241 Summit Avenue
Greensboro, NC 27401
Tel: 919-914-6106

/s/ Christopher Knight
Christopher Knight
Geoffrey Pipoly
Holly Farless
cknight@mayerbrown.com
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
Tel: (312) 701-7155
*Notice of Special Appearance Filed*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on August 31, 2021, pursuant to agreement to electronic service, I served the foregoing on Defendants' counsel by e-mail at the addresses specified below:

For County Defendants:

William L. Hill
whill@frazierlawnc.com

Paul Gessner
pgessner@cshlaw.com

For Graham Defendants:

Anthony J. Biller
ajbiller@envisage.law

Adam P. Banks
abanks@envisage.law

/s/ Elizabeth Haddix
*Counsel for Plaintiffs*