# EXHIBIT 6

 

October 23, 2021

| Anthony Biller | ajbiller@envisage.law |
| William Hill | whill@frazierlawnc.com |
| Patrick Flanagan | phf@cshlaw.com |
| Paul Gessner | pgessner@cshlaw.com |

Re: *J4tNG, et al. v. Cole, et al.*, No. 1:20-cv-00998 (M.D.N.C)

Dear Counsel:

We write on Plaintiffs' behalf to follow up on our October 19, 2021 meet and confer regarding the parties' discovery concerns. As discussed during the meet and confer, the following summarizes and addresses concerns raised regarding the discovery requests, specifically those concerning Plaintiffs' Responses to Defendants' discovery requests ("Plaintiffs' Responses") and the Responses to Plaintiffs' discovery requests provided by Defendants City of Graham, Cole, Velez, and Franks ("Graham Defendants").

We look forward to fully resolving both sides' concerns in the course of further document production and review. We maintain the validity of Plaintiffs' Requests, and therefore we neither waive any Request nor any objection raised in our Responses to Defendants' Requests. We further expect all requested and otherwise relevant documents that were not produced to be preserved throughout the course of this litigation.

## **Plaintiffs' Concerns with Graham Defendants' Responses**

Third Party Communications: Graham Defendants explained that they have not withheld any third-party communications on the basis of privilege. We believe that this explanation has resolved this issue.

Defendant Franks's Responses Generally: Graham Defendants explained that Defendant Franks's responses are not inconsistent because he does not remember attending any meeting other than the training identified, and that "personal" means documents contained on a personal, as opposed to work, device. Further, Graham Defendants confirmed that no non-privileged, responsive documents or communications in the City of Graham's possession that include or refer to Defendant Franks have been withheld. We believe this explanation satisfies our concerns regarding Franks's responses.

Interrogatory No. 1: Graham Defendants explained that they have produced all documents regarding formal meetings. This explanation satisfies our concerns regarding the Graham Defendants' response to this interrogatory.

Request for Production No. 1: Graham Defendants affirmed they will produce documents related to all the Plaintiffs, and that the incomplete list of the Plaintiffs in their Response was due to a typographical error. This explanation satisfies our concerns regarding Graham Defendants' response to this request.

Requests for Production Nos. 3 and 7: Graham Defendants explained that they intend to search only for documents containing the phrase "March to the Polls," "protest*" or "demonstrate*" and written by certain employees. Plaintiffs maintain that this is under-inclusive for two reasons. First, searching only for the phrase "March to the Polls," even in the disjunctive, or the terms "protest*" or "demonstrate*," will exclude relevant documents if the search does not also include other terms or phrases that may have been used by City and County employees to refer to the March. For example, the full name of the event was the "I Am Change March to the Polls," yet Graham Defendants have not undertaken a search for documents containing the phrase "I Am Change." Second, Graham Defendants' search excludes responsive and relevant documents created by relevant document custodians that were involved in the Defendants' planning and execution of the March, such as members of the City Council, Mayor Peterman, Fire Chief Tommy Cole, and GPD Officers King, Way, Hopkins, Boggs, Parks, and Neudecker.

Graham Defendants indicated that, despite the narrow language included in their written responses, they believe their searches captured documents and communications that Plaintiffs are concerned were excluded. Plaintiffs intend to undertake a comprehensive review of the documents provided by Graham Defendants thus far, and will seek to meet and confer on any outstanding concerns, if necessary, in the future. We do not waive any objection to the sufficiency of Graham Defendants' Responses and maintain the validity of all our requests.

Request for Production No. 4: Graham Defendants' representation that they have produced all documents regarding the use of OC spray satisfies some of our concerns regarding their response to this request. But Graham Defendants' withholding of arrest records and other documents related to their use of force against third-parties at the March based on the confidentiality of those documents is unfounded. Arrest records are public records in North Carolina. *See* N.C. Gen. Stat § 132-1.4(c) (providing that although records of criminal investigations are not public records, arrest records are public records). And the assertion of confidentiality as a basis for withholding any related records is dubious, given the Consent Protective Order meant to facilitate our mutual discovery of purportedly confidential materials. *See* Consent Protective Order ¶¶ 1, 19 , ECF No. 38 ("Plaintiffs and Defendants . . . may produce information and documents in response to interrogatories, requests for production of documents, other discovery contemplated by the Federal Rules of Civil Procedure, and in response to subpoenas, and to provide testimony at a deposition, that would otherwise be protected from disclosure by N.C.G.S. §§ 153A-98 and 160A-168, 126-1, et seq., 132-1.1, 1.2, 1.4A, 1.6, 1.7. . . . This Order is entered to help facilitate the exchange of information between the parties to this litigation without involving the Court unnecessarily in this process.").

Nevertheless, given that Graham Defendants only made their production several days before our meet and confer, and Plaintiffs have not had an opportunity to comprehensively review the production, Plaintiffs intend to review the documents provided by Graham Defendants thus far and will seek to meet and confer on any outstanding concerns, if necessary,

in the future. We reiterate that we do not waive any objection to the sufficiency of Graham Defendants' Responses and that we maintain the validity of all our requests.

### Defendants' Concerns with Plaintiffs' Responses

Interrogatory Nos. 1 & 2: Without waiving our objections that these are premature contention interrogatories, Plaintiffs will supplement our responses to the best of our ability by November 2, 2021. We intend to provide Defendants with additional facts related to each individual Defendant and each injury, understanding that supplementation will be necessary as additional information is obtained and analyzed throughout the discovery period. We also note that the forthcoming Second Amended Complaint may address some of these concerns.

Interrogatory No. 3: Graham Defendants explained that this Interrogatory was intended to seek further information regarding the ability of Plaintiffs Justice for the Next Generation and Alamance Alliance for Justice (the "Organizational Plaintiffs") to assert associational standing to bring claims under the Voting Rights Act. Respectfully, Interrogatory No. 3 asks for the Plaintiffs' "voting status in 2020." It does not ask Plaintiffs to explain the basis by which the Organizational Plaintiffs have associational standing. Plaintiffs maintain that they have fully answered Interrogatory No. 3. Further, Plaintiffs maintain that the First Amendment protects the anonymity of all individual members of the Organizational Plaintiffs who wish to remain anonymous. Nevertheless, Plaintiffs continue to assert that (in addition to organizational standing to bring claims in their own right) the Organizational Plaintiffs do have associational standing to bring Voting Rights Act claims. Thus, without waiving our objections, Plaintiffs will supplement our responses by November 2, 2021 by providing the 2020 voting status of the following members of the Organizational Plaintiffs who are not otherwise named in the First Amended Complaint, but upon whom they may rely in support of their Voting Rights Act claims:

| Justice for the Next Generation Members | Alamance Alliance for Justice Members |
|---|---|
| Brenden Kee | Cliff Carter |
| Corey Moore | Glenda Carter |
| Jasmine Breeden | Ebony Pinnix |

All of these individuals have been named in Plaintiffs' Initial Disclosures. We believe this satisfies Defendants' concerns regarding Interrogatory No. 3.

Interrogatory No. 4: Graham Defendants explained that they seek information regarding Plaintiffs' involvement in "legal proceedings" because they have been unable to gain such information from the Alamance County District Attorney's Office and they wish to use such information to examine Plaintiffs' credibility. Without waiving our objections to this Interrogatory, Plaintiffs agreed to provide Graham Defendants with a list of all Plaintiffs with criminal charges stemming from October 31, 2020, and the status of said charges. Plaintiffs will also provide Graham Defendants with a list of Plaintiffs, if any, who have previously brought similar civil rights claims. We believe this resolves the issue regarding Interrogatory No. 4.

Request for Production No. 1: Without waiving our objections, Plaintiffs explained that they will not withhold non-privileged material responsive to this request. We believe this resolves the issue regarding this request.

Request for Production Nos. 2 & 4: Plaintiffs explained that these Requests are not proportional to the needs of the case in that searching all documents and communications between Plaintiffs and third parties with no limit on the time or subject matter would result in the review of many irrelevant documents and communications with no benefit to discovery. Plaintiffs suggested that an appropriately limited search would make the request proportional, and Defendants agreed that Plaintiffs would determine search terms and produce responsive documents, subject to Defendants' ability to later ask for additional relevant documents if necessary. Without waiving our objections, Plaintiffs will produce non-privileged documents and communications between Plaintiffs and third parties or witnesses named in the initial disclosures, created between October 1, 2020 (a week before Plaintiff Drumwright announced plans for the October 31 March), and December 31, 2020 (several weeks after the filing of the First Amended Complaint) related to Plaintiffs' claims stemming from the March. Plaintiffs further intend to produce documents related any medical treatments sought for injuries sustained during the October 31, 2020 March.

Request for Production No. 3: Graham Defendants explained that they seek documents reflecting pre-suit investigations conducted by Plaintiffs. Without waiving our objections, we will produce non-privileged documents related to any pre-suit investigations into Plaintiffs' claims.

We believe the foregoing is an accurate recitation of the agreements reached at the meet and confer; if Defendants disagree, please advise. We hope to resolve the few outstanding disagreements as production of documents continues and further review of the productions is completed.

Sincerely,

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW

Elizabeth Haddix
Jennifer Nwachukwu

ACLU of NORTH CAROLINA
Jaclyn Maffetore
Kristi L. Graunke
Daniel K. Siegel

MAYER BROWN, LLP
Christopher Knight
Geoff Pipoly

4