# EXHIBIT 8



**CRIME & JUSTICE**

# Graham police chief admits officers' unprofessionalism; city denies wrongdoing

*Chief says officers are being held accountable for comments during protests, but hasn't explained how.*

by **Jordan Wilkie**  •  July 15, 2021



Law enforcement officers and marchers in Graham on Oct. 31, 2020. Photo courtesy of Anthony Crider via Flickr. https://www.flickr.com/photos/acrider/50552331931/in/album-72157716693326681/

On July 8, Graham Police Chief **Mary Kristy Cole** acknowledged in a public letter that some officers made unprofessional comments while managing protests in 2020.

The letter came nine months after the Graham Police Department pepper-sprayed and arrested protesters, journalists and election observers during a march to the polls on Oct. 31. The letter also followed the July 7 publication of body camera footage from the event by Carolina Public Press and the News & Observer.

"Officers were faced with demonstrators who cursed at them and attempted to incite them to react negatively," Cole wrote in a press release. "Over the course of managing those demonstrations, some officers made unprofessional comments to fellow officers."

Cole did not identify which officers, comments or protests she was referring to specifically, though she asked that officer behavior be considered in context, namely that "Graham police officers managed more than 40 demonstrations in 2020," sometimes in uncomfortable weather, between opposing groups and during the COVID-19 pandemic.

Cole's letter also said that when Graham police officers "make mistakes or fall short of expectations," they are held accountable.

Capt. Daniel Sisk, public information officer for the department, identified two instances of unprofessional behavior.

"The statements in the video we deemed unprofessional were the interaction between officers in which profanity was used and the fist bump at the end of the video," Sisk wrote in an email. He did not identify the officers involved.

In one part of video footage obtained by CPP, an officer said, "He f—ing hit me, so I f—ing hit him."

![Graham protest 10/31/20. Police bodycam. Clip 1, AXON 1317 camera]

The department handled the situation "internally as a personnel matter," according to an email from Capt. **Daniel Sisk**, public information officer for the department.

Though CPP did not request records of discipline against any officers, Sisk cited an exemption to public records laws preventing the disclosure of personnel records as the reason the department could not answer.

That is not the correct use of the exemption, according to **Brooks Fuller**, director of the N.C. Open Government Coalition at Elon University.

"The personnel exemption protects details from individual officers' personnel files," Fuller wrote in an email to CPP. "It does not prevent the chief of police from explaining what internal policies officers may have broken or what conduct rises to the level of a punishable offense. It also does not prevent the chief from explaining what punishments or corrective measures are in place to address misconduct."

CPP emailed Fuller's assessment to Sisk and asked the department to reconsider its position. Sisk did not reply.

## Deny wrongdoing, refuse to release video

Though Cole's letter recognized unprofessional statements, both the city of Graham and Alamance County deny any wrongdoing in the police and sheriff's departments' management of the protests, according to legal documents defending against two federal lawsuits on behalf of protesters.

One of those lawsuits, Allen v. City of Graham, is in the settlement process, with a status report due to the court on July 23.

The Graham City Council approved its part of the settlement, which would have the city and Alamance County each pay $60,000, though did so without admitting any wrongdoing, according to **reporting by the Burlington Times-News**.

Another lawsuit, also filed in the Middle District of North Carolina, is ongoing. In Drumwright v. Johnson, the plaintiffs seek policy change within the law enforcement agencies. The case is currently setting the schedule for discovery, one of the preliminary steps required before a case can go to a full trial.

Separately, a media coalition including CPP filed a petition in January for the release of all law enforcement videos related to the October protest.

In June, Superior Court Judge **Andrew Hanford ordered the release of those videos**. Both the city and the county **failed to comply with the order**, and the city appealed. It will be another several weeks before the case is docketed with the Court of Appeals, which is the beginning of the process for the case to be heard.

**Mike Tadych**, the lawyer representing CPP and the media coalition seeking the law enforcement videos, said assessing Cole's claims without seeing evidence is difficult.

"It strikes me that her acknowledgments add to Judge Hanford's decision to release the recordings," Tadych wrote in an email to CPP.

*Editor's note: This piece was updated to reflect responses from Captain Sisk received after initial publication.*

**To republish this story click here**

## JORDAN WILKIE

Jordan Wilkie is a Report for America corps member and is the lead contributing reporter covering election integrity, open government, and civil liberties for Carolina Public Press. Email jwilkie@carolinapublicpress.org to contact him.

**More by Jordan Wilkie ➜**

© 2022 Carolina Public Press.

Proudly powered by Newspack by Automattic