IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GREGORY DRUMWRIGHT, *et al.*,

         *Plaintiffs,*

v.

TERRY JOHNSON, individually and in his official capacity as Alamance County Sheriff, *et al.*,

         *Defendants*

1:20-CV-00998

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS [D. 79] TO JUDGE AULD'S DISCOVERY ORDER

    Plaintiffs do not object to or otherwise appeal Judge Auld's finding that Plaintiffs' responses to Defendants' interrogatories were deficient. (DE 79, p. 1 n. 1, & p. 11). Plaintiffs' first responses (DE 62-2) were woefully deficient, and Plaintiffs' repeated efforts to supplement them also failed to provide complete answers and failed to comply with what this Court previously ordered. (*See* DE 62-3 & 68-1). Despite having multiple attempts to cure the deficiencies, Plaintiffs' responses remained inadequate, a point they do not appeal. In issuing the February 2, 2022 Order granting Defendants' Motion to Compel, Magistrate Judge Auld realized the futility of a fourth bite at the apple. Judge Auld had a substantial basis for concluding that "yet another round of attempted response from Plaintiffs to Defendants' Interrogatories 1, 2, and 4 would only further unreasonably

1

impede the reasonable progress of discovery and unreasonably increase the expense of this litigation." (Text Order, Feb. 2, 2022).

At Plaintiffs' request, over Defendants' objections, and under the assumption that the parties would fulfill their discovery obligations without the Court's oversight and intervention, Judge Auld had previously limited the scope of written discovery at the outset. *See* (Text Order, Aug. 25, 2021). By their repeated failures to adequately respond to Defendants' interrogatories, Plaintiffs limited the remedies available to Judge Auld. Instead of ordering another round of vain written responses, Judge Auld consulted counsel for Plaintiffs and Defendants and crafted a sanction to redress the harm caused by Plaintiffs' mischief. Because Plaintiffs refused to provide individualized responses to Defendants' discovery requests, Judge Auld provided an alternative route for Defendants' to obtain the same information—Judge Auld enlarged the seven-hour time limit for deposing Plaintiffs to nine hours over two days and ordered Plaintiffs and their counsel to pay 20% of the reasonable fees and expenses incurred by Defendants deposing each Plaintiff for the information they should have received via interrogatories (the "deposition-related sanctions"). (Text Order, Feb. 2, 2022). The deposition-related sanction ordered by Judge Auld is appropriate and should be affirmed.

## FACTUAL BACKGROUND

Plaintiffs filed this case just two days after conducting a protest in downtown Graham, North Carolina. The size and complexity of this case has steadily grown through the addition of numerous Plaintiffs and Defendants. As currently embodied, the case

2

includes 17 individual and 2 organizational Plaintiffs, 18 City of Graham Defendants, and 19 Alamance County Defendants. Plaintiffs assert eight distinct causes of action against the 36 individual Defendants in their individual and official capacities. The total number of discrete claims asserted by the Plaintiffs against the individual Defendants easily exceeds 3,500. *See* DE 58-2 at 2-3.[1]

The scheduling order was entered on August 25, 2021. At the time, this litigation included far fewer parties but was still complex. At Plaintiffs' request, and over Defendants' objections, Judge Auld greatly reduced the permissible amount of written discovery in this case. Judge Auld ordered as follows:

> Defendants may serve up to 10 common interrogatories, requests for admission, and requests for production on Plaintiffs *(to be answered individually by each Plaintiff),* as well as up to five additional interrogatories, request for admissions and request for production (common, overlapping, or entirely distinct) on each Plaintiff.

(Text Order, Aug. 25, 2021) (emphasis added). From the outset of discovery, Judge Auld recognized the need to have the numerous Plaintiffs personally account for their multiple individual and personal capacity claims against Defendants and provide *individualized answers*. Unfortunately, for the next six months, Plaintiffs failed and refused to do so despite Defendants' repeated requests.

On August 30, 2021, Defendants served their first interrogatories and request for

---

[1] This exhibit omits official capacity claims against the individualized Defendants which would substantially increase the number of discrete claims. Further, this exhibit has since become outdated due to changes in Plaintiffs proposed Second Amended Compliant, and the Second Amended Compliant as filed at DE 71.

3

production on Plaintiffs and Plaintiffs responded on September 29, 2021. (DE 62-2). Defendants met and conferred with Plaintiffs regarding *inter alia*, Plaintiffs' failure to provide individualized responses and Plaintiffs' multiple "See Complaint" responses to interrogatories. *See* (DE 63-1). Plaintiffs served supplemented and amended responses on November 2, 2021, but, yet again failed to remedy their prior failures. (DE 62-3). The 13 individual Plaintiffs at the time did not explain their respective, particular bases for each of their individual claims against each individual Defendant, even though Defendants specifically asked for that information in interrogatory numbers 1 and 2. After the parties' meeting and conferring and Plaintiffs' supplemental responses failed to resolve the issue, on December 9, 2021, Defendants filed a motion to compel.

Plaintiffs' post motion to compel supplemental responses did little to remedy Plaintiffs' deficiencies. On December 21, 2021, Plaintiffs served their Second Supplemental Responses (DE 68-1), and, while voluminous, Judge Auld observed the "boiler-plate, cut-and-paste, group response in Plaintiffs' (belated) [68-1] Second Supplemental Responses to Defendants' Interrogatories do not significantly remedy the patent deficiencies in their responses served prior to the filing of [62] Motion." (Text Order, Feb. 2, 2022).

**JANUARY 27, 2022 HEARING ON DEFENDANTS' MOTION TO COMPEL.**

On January 27, 2021, Judge Auld held a hearing on Defendants' Motion to Compel. As an initial matter, Plaintiffs' prior promises about their conduct in discovery and the court's prior order regarding discovery were revisited. Judge Auld explained:

4

> I had a very specific discussion with Plaintiffs' counsel at that point about what was going to happen with the discovery responses. And what I didn't want was for me to limit the discovery and then, you know, the Plaintiffs just file a boilerplate, one-size-fits-all response, group response, basically, on behalf of the Plaintiffs, to whatever it was the Defendants asked. And I was assured that that would not happen, that you know, each, Plaintiffs' counsel would meet with each Plaintiff and they would formulate individual responses from each Plaintiff, and they would serve individual responses from each Plaintiff.
>
> And so, in reliance on that, I adopted certain limitations on the discovery devices and put in the order specifically that the, even if there were common questions, they were to be answered individually, by both sides. But my reading of the record is that that did not happen; that the Defendants served their interrogatories, initial interrogatories, and requests for production of documents. And Plaintiffs' response, that was served on September 29 -- it's on the docket as 62-2 -- just served a group response on behalf of all the Plaintiffs.

(DE 79-1, 21:20-22:17). After acknowledging Plaintiffs failure to provide individualized responses, Judge Auld conducted a detailed analysis of Plaintiffs' discovery responses. Plaintiffs' Responses to Defendants' Interrogatory Nos. 1-4 and Production Request Nos. 1-5 to each Plaintiff (DE 62-2) were discussed in detail. *See* (DE 79-1, 21:16-36:9). As to this response, Judge Auld found Plaintiffs' responses "sanctionably inadequate" and "in no way did that response comply with the, even just the minimal requirements that the rules. . . impose." (DE 79-1, 36:4-36:9). He then analyzed Plaintiffs' Amended Supplemental Responses in detail. *See* (DE 79-1, 38:4-42-13). Judge Auld found that Plaintiffs' amended supplemental response although "marginally better than the original response, was still woefully deficient." (DE 79-1, 42:13-42:15). Further, Judge Auld concluded that as of the time Defendants filed their Motion to Compel, there had not been, by Plaintiffs, "a true effort to fully answer the interrogatories or to produce relevant

5

documents in a timely manner." (DE 79-1, 46:11-46-15).

The remainder of the hearing was devoted to crafting an appropriate remedy to Plaintiffs' repeated failures to provide complete responses and in a fashion previously ordered by the Court. Multiple times Judge Auld solicited counsels' input with respect to the proper remedy. (DE 79-1, 69:26 and 75:21-76:12). Although, at the time of the hearing Judge Auld had not fully digested Plaintiffs' Second Supplemental Responses, he acknowledged Defendants' argument that the Second Supplemental Response "it's still really one responses on behalf of all plaintiffs as to all defendants; they've just cut and pasted the same boilerplate and used it over and over." (DE 79-1, 56:6-56-1).

Ultimately, after further consideration of Plaintiffs Second Supplemental Response, Judge Auld granted Defendants' Motion to Compel and ordered the deposition-related sanctions. The deposition-related sanctions require the individual Plaintiffs, "in their own words" to provide an individualized response to Defendants' questions—something Plaintiffs failed to do in their first three responses. *See* (DE 79-1, 75:11-76-16). The deposition-related sanctions address the need for longer depositions as Defendants attempt to obtain the information they should have received had Plaintiffs "done a better job with their interrogatory responses." *Id*. Since Plaintiffs have pushed this additional cost onto Defendants, it is also appropriate for them to pay that incremental difference in the cost of those depositions. Judge Auld's remedy was appropriate and well thought out. At the very least, it was not an abuse of discretion.

6

## ARGUMENT

A district court may designate a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Upon timely objection by a party, the court may modify or set aside any part of a magistrate judge's order that is "clearly erroneous" or "contrary to law." *Id*. Clearly erroneous and contrary to law is a weighty standard, and a factual finding is clearly erroneous "when [the court] is 'left with the definite and firm conviction that a mistake has been committed.'" *TFWS, Inc. v. Franchot,* 572 F.3d 186, 196 (4th Cir. 2009) (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Magistrate judge decisions related to discovery disputes are accorded even greater deference. *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F.Supp.2d 778, 782 (E.D.N.C. 2011); s*ee also*, *In re Outsidewall Tire Lit.,* 267 F.R.D. 466, 470 (E.D.Va. 2010). When a magistrate judge enters an order on a non-dispositive motion, rather than for findings and recommended disposition, "the resulting determination is reviewed only for clear error." *Stonecrest Partners*, at 783 (stating the *de novo* standard is not applicable to non-dispositive pretrial motions and affirming denial of the motion to amend complaint).

Here, Plaintiffs do not object to the decision to grant Defendants' Motion to Compel (DE 79, n. 1), but only to the deposition-related relief granted.[2] Pursuant to Rule 26(g)(3), if a discovery response is not consistent with the Federal Rules, then "the court,

---

[2] Elsewhere, Plaintiffs admit that their first responses to Defendants' interrogatories "fell short." (DE 79, p. 11).

7

Case 1:20-cv-00998-CCE-LPA   Document 89   Filed 03/10/22   Page 7 of 20

on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both, "which may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26. Similarly, if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), Rule 37(c)(1) allows the court to impose any "appropriate sanctions," including any of the orders listed in Rule 37(b)(2)(A).[3] Fed. R. Civ. P. 37. By its language, "Rule 26(g)(3) does not limit the court to a specific award, but gives the court latitude to fashion an 'appropriate sanction,' in addition to an award of expenses." *Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 498 (D.Md. 2000).

Plaintiffs concede, "the Federal Rules of Civil Procedure provide significant discretion to order discovery remedies and sanctions," (DE 79 p. 2), yet they challenge the extent of the Court's authority under Rule 37(c)(1) to craft appropriate relief after giving both sides the opportunity to be heard. Extending the time allowed for a deposition and proportionately shifting fees to the offending party is within the Court's discretion as a means of restoring Defendants to the position they would have occupied but for Plaintiffs' failure to comply with their discovery obligations. *See*, *e.g.*, *Robinson v.*

---

[3] In addition to allowing the Court to customize an "appropriate sanction," the following measures are available pursuant to Rule 37(b)(2)(A)(i)-(vi): (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

8

*District of Columbia*, 75 F. Supp.3d 190, 197 (D.D.C. 2014) (allowing the plaintiff two additional hours to depose the defendant's expert with costs borne by the defendant); *Owen v. No Parking Today, Inc.*, 280 F.R.D. 106, 111 (S.D.N.Y. 2011) (allowing the plaintiff to depose the defendant's expert again at the defendant's expense); *Albert v. Warner-Lambert Co.*, No. 99-11700, 2002 WL 745822 (D. Mass. Apr. 24, 2002) (allowing the defendant an additional four hours to depose the plaintiff's expert with costs borne by the plaintiff and allowing defendant to supplement it's rebuttal expert's report without making the expert available for further deposition); *Fish v. Kobach*, 309 F.Supp.3d 1048, 1118-19 (D.Kan. 2018) (ordering defense counsel to complete an additional six hours of Continuing Legal Education on the state or federal rules of civil procedure); *Watterson v. Burgess*, No. 3:13-cv-00159-FDW-DCK, 2017 WL 833062 (W.D.N.C. Mar. 2, 2017) (adopting the Magistrate's Memorandum and Recommendation in full and ordering defendant's counsel to donate $250.00 to the charity of her choice), *aff'd*. 738 Fed.Appx. 247 (4th Cir. 2018) (per curiam).

1. **JUDGE AULD MAY IMPOSE DEPOSITION RELATED SANCTIONS.**

Federal Courts have the "inherent power to manage their own proceedings and to control the conduct of those who appear before them so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). In ordering the deposition-related sanctions, Judge Auld was well within his "inherent power" and also the confines of Rule 26(g) as he could have imposed the sanction "on [his] own," even without a motion by Defendants. *See* Fed. R. Civ. P. 26(g)(3). Whether

9

Defendants specifically requested the deposition-related sanction is immaterial. *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 412 (E.D.N.C. 2014), *aff'd sub nom Beach Mart, Inc. v. L&L Wings, Inc.*, 784 Fed. Appx. 118 (4th Cir. 2019), *and judgment entered*, No. 2:11-CV-44-FL, 2021 WL 5237967 (E.D.N.C. Mar. 29, 2021) (finding that sanctions are appropriate without a motion to compel being filed and "sanctions for a violation of Rule 26(e) may be imposed under the court's inherent power even though no order compelling the discovery was violated."). Judge Auld ordering the deposition-related sanctions was not "clear error."

2. **EXTENDING THE LENGTH OF DEPOSITIONS IS APPROPRIATE GIVEN PLAINTIFFS' REPEATED FAILURES TO PROVIDE THE INFORMATION AS REQUIRED.**

A primary aspect of the Court's "discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers,* 501 U.S. at 44-45 ("The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."). Sanctions enlarging or extending the time to depose a witness are one of the options available to the court. *Robinson,* 75 F. Supp.3d at 197 ("Because a trial date has not yet been set, the Court believes that any possible prejudice to plaintiff can be eliminated by giving her the opportunity to further depose [defendant's expert] about these late produced materials."); *Owen*, 280 F.R.D. at 111 ("Therefore, to restore [Plaintiff] to the position he would have been in absent [defendant's] discovery failure, the Court will permit [Plaintiff] to depose [witness] again."); *accord Richardson v. Korson*, 905 F. Supp.2d 193, 200 (D.D.C.2012);

10

Notwithstanding Plaintiff's deficient written responses, Defendants still require, and are entitled to learn, how they may be liable to the 17 Plaintiffs asserting claims against the 36 individual Defendants' in their individual and official capacities across a wide range of claims. *See* (68-1, Rog 1). Further, each Defendant is entitled to know how he or she may have damaged each of the 17 Plaintiffs. *See* (68-1, Rog 2). The Court found that Plaintiffs' original interrogatory responses, and discovery generally, were "sanctionably inadequate" and "in no way did that response comply with the, even just the minimal requirements that the rules. . . impose." (DE 79-1, 36:4-36:9). Plaintiffs' Amended Supplemental Responses were slightly better but "still woefully deficient." (DE 79-1, 42:13-42:15). As to Plaintiffs' Second Amended Supplemental Responses, the Court specifically found "that the boiler-plate, cut-and-paste, group response in Plaintiffs' (belated) [68-1] Second Supplemental Responses to Defendants' Interrogatories do not significantly remedy the patent deficiencies in their responses served prior to the filing of [62] Motion." (Text Order, Feb. 2, 2022).

The gross, consistent deficiencies in Plaintiffs' responses are Plaintiffs' failure to provide individualized, non-boilerplate and complete responses. Defendants must still obtain the information requested in their interrogatories by some manner. Recognizing the pre-existing limitations on the scope of discovery that Plaintiffs requested over Defendants' objections and that additional rounds of written discovery would only create undue delay, Judge Auld, in his discretion, determined a deposition focused remedy was appropriate. (D. 79-1, pp. 75-76). Judge Auld correctly understood that Defendants will

11

have to obtain more information at each Plaintiffs' deposition than they would have had to had Plaintiffs properly "responded and supplemented, as required by Federal Rules of Civil Procedure 26(e)(1) and (g)(1) and 33(b)," so more time to question and elicit information, is needed. (D. 79-1, p. 76; Text Order, Feb. 2, 2022). The requirement for a lengthier deposition is the causal outcome of Plaintiffs' failure to provide the information in the first place.

3. **SHIFTING DEPOSITION COSTS IS APPROPRIATE GIVEN THE PREJUDICE CAUSED BY PLAINTIFFS' FAILURE TO EXPLAIN WHY THEY WERE SUING 36 LAW ENFORCEMENT PERSONNEL IN THEIR INDIVIDUAL CAPACITIES**

The 17 individual Plaintiffs in this action bring 8 separate claims against the individual Defendants in their individual and official capacities. Plaintiffs' individual capacity claims include alleged violations of the First and Fourteenth Amendment, violations of the Voting Rights Act (52 U.S.C. § 10307), violations of the KKK Act (42 U.S.C. § 1985(3)), common law assault and battery, and common law false arrest. During the January 27, 2022, hearing Plaintiffs' boilerplate, cut-and-paste interrogatory responses were discussed at length. *See* (DE 79-1, 56-79). Generally, Defendants complained that Plaintiffs' boilerplate answers prevented Defendants from knowing the "discrete acts for which people are claiming liability." (DE 79-1, 74:13-74:14). In their objection, Plaintiffs contend these boilerplate responses do not cause Defendants' prejudice because "Plaintiffs' responses indeed used similar language" because they were all part of "the same baseline experience." (DE 79-1, p.15). While Plaintiffs' boilerplate

12

responses might be acceptable when alleging corporate liability, they fall well short of the higher standard demand when pursing individual capacity claims.

The doctrine of "qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). A central motivation behind the creation of qualified immunity "was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231–32, (2009).

Plaintiffs' refusal to provide individualized responses robs the 36 individual Defendants from knowing how they may have violated a "clearly established statutory or constitutional right." This case has been ongoing since November 2020 and discovery has been open for approximately 7 months. Defendants are entitled to understand how they may be personally liable to the Plaintiffs, so they may seek an "avoidance of [continued] disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

At pages 14 – 17 of their Objection, Plaintiffs argue about the sufficiency of their responses. However, the finding that Plaintiffs' responses, including Plaintiffs' Second Supplemental Responses (DE 68-1) are patently deficient and in contravention to 26(e)(1) and (g)(1) and 33(b) has already been made and Plaintiff's do not object to that

specific finding. Defendants have been prejudiced by Plaintiffs discovery failures and required to endure needless and costly discovery. The deposition-related sanction, enlarging time for deposition and proportionately shifting the expense of depositions, renumerates Defendants for the harm caused by Plaintiffs' repeated and ongoing discovery failures and provides a venue in which Defendants may now obtain the information they were entitled to at the start of discovery.

4. **PLAINTIFFS IMPROPERLY RELY ON THE RULE 30 "GOOD CAUSE" STANDARD FOR EXTENDING DEPOSITIONS.**

Plaintiffs rely on *Carolina First Bank v. Stambaugh* for the proposition that a showing of good cause is required to exceed the default deposition limits. (DE 79, p. 13). *Carolina First* is easily distinguishable from the matter at hand. *Carolina First*, weighs a party's motion for a protective order wherein no stipulation was made enlarging deposition limits. *Carolina First Bank v. Stambaugh*, No. 1:10CV174, 2011 WL 13356709, at *2 (W.D.N.C. Mar. 24, 2011). Here, an entirely different matter is being considered. The deposition-related sanction is a sanction imposed under Rules 26 and 37, not a modification of deposition procedure under Rule 30. Even if good cause was required, it is present in the Court's finding that "the failure of Plaintiffs and their counsel to comply with their obligations under Federal Rule of Civil Procedure 26(e)(1) and (g)(1) and 33(b) have impeded the reasonable progress of discovery and convinced the Court that ordering yet another round of attempted response from Plaintiffs to Defendants' Interrogatories 1, 2, and 4 would only further unreasonably impede the

14

reasonable progress of discovery and unreasonably increase the expense of this litigation." (Text Order, Feb. 2, 2022).

## 5. DEPOSITION-RELATED SANCTIONS ARE PROPORTIONATE TO THE NEEDS OF THE CASE.

Defendant's Motion to Compel was predicated in part on Defendants' failure to comply with the August 25, 2021 discovery order requiring Plaintiffs to provide individualized responses to a limited number of common and unique interrogatories. This Court has already actively imposed limits on the scope and breadth of discovery. Plaintiffs contend that the discovery-related sanction impermissibly expands the scope of discovery beyond the limits of Rule 26(b)(1) and (2). Plaintiffs argument fails because the deposition-related sanctions merely provide relief to Defendants for Plaintiffs' failure to adequately respond to an already limited discovery protocol Plaintiffs advocated for. *See* (DE 32 and 33). Stated alternatively, Plaintiffs advocated for limited written discovery which they in turn failed to adequately respond to. The deposition-related sanction does not "expand" the scope of discovery but provides an alternative method by which Defendants may obtain the information Plaintiffs previously failed to provide. The deposition sanction does not operate to modify the scope of discovery as it only allows Defendants to collect already requested and discoverable information.

The deposition-related sanction requires Plaintiffs to pay 20% of the Defendants' "reasonable" expenses incurred conducting depositions. (Text Order Feb 2, 2022). The sanction specifically excludes Defendants' time preparing for depositions. By marrying expense shifting to a percentage of the reasonable expenses, Judge Auld ensured that the

15

remedy remains proportionate and tailored to the harm caused by Plaintiffs' discovery failures, irrespective of how long a plaintiff's deposition may actually take. *Samsung Elecs. Co., Ltd. v. Nvidia Corp.*, 314 F.R.D. 190, 204 (E.D. Va. 2016) ("some allocation of expense is necessary to deter future nondisclosure by ensuring that the Court's sanction places the non-disclosing party in a worse position than it would have been if it had fulfilled its obligations."); *Poole ex rel. Elliott v. Textron, Inc*., 192 F.R.D. 494, 505 (D. Md. 2000) ("awarding sanction of 75% of the attorney time and expenses related to the motion."). Plaintiffs argue that it is highly doubtful Defendants will need extra time to conduct depositions (*See* (DE 79, p. 18)), but also that the imposed expense shifting is overly burdensome. *See* (DE 79, p. 20). This concern is addressed in the mechanics of the expense shifting sanction because irrespective of whether a deposition takes 4 hours or 9 hours, the penalty imposed on Plaintiffs' is proportionately the same.

Plaintiffs' failure to comply with their obligations under Federal Rule of Civil Procedure 26(e)(1) and (g)(1) and 33(b) has already "impeded the reasonable progress of discovery." (Text Order 2/2/2022). Plaintiffs' argument that 20% expense shifting was clearly erroneous because there is nothing to indicate the deposition will actually be 20% more expensive fails because it ignores Plaintiffs' misconduct in discovery which has already occurred. The Court made a reasonable judgement call regarding the further expense based on his thorough review of the requests Plaintiffs failed to answer. The harm "caused by" Plaintiffs, was *inter alia,* Plaintiffs' failure to provide complete, responsive, and individualized answers to Defendants' interrogatories 1, 2, and 4. Judge

16

Auld considered Plaintiffs' three previously failures to answer these interrogatories in the context of this case and recognized that the only way for Defendants to obtain this information, without continuing to "unreasonably impede the reasonable progress of discovery and unreasonably increase the expense of this litigation," is by deposition.

Further, Plaintiffs contend that that the hardship of the discovery-related sanction outweighs its potential benefit. *See* (DE 79, p. 21). Once again, Plaintiffs fail to acknowledge that 17 Plaintiffs are asserting individual capacity claims against 36 law enforcement officers. Like Plaintiffs, Defendants are working class mothers and fathers with limited financial means. Graham, the only corporate defendant, is a small, central North Carolina municipality with limited resources. Plaintiffs' allegations contend that each Plaintiff was personally harmed by the individual conduct of a Defendant. Allowing Defendants to know how exactly they may be liable to each Plaintiff, and how exactly they may have damaged each Plaintiff is critical to Defendants' development of their defense in this case. Plaintiffs' continued trend of providing non-individualized, boiler plate responses is untenable. The deposition-related sanctions crafted by Judge Auld appropriately allow Defendants to obtain the "reasonably necessary information for the defense of this action." (Text Order Feb. 2, 2022).

While Plaintiffs might be working class parents, just like the individual Defendants, they failed to mention that their case is being prosecuted by a global law firm with offices on four continents and two prominent civil-rights organizations. Plaintiffs did not have to bring their claims in individualized fashion, seeking personal liability

17

against 36 law enforcement personnel and a small city, but they choose to do so. Plaintiffs willfully brought thousands of discrete claims against Defendants and then failed to provide the most basic information about those claims. Plaintiffs chose a very cumbersome and expensive manner to proceed with this lawsuit, then thumbed their noses at their discovery obligations. It is appropriate for Plaintiffs' to bear the portion of the hardship they themselves improperly created for many Defendants by their failure to follow the rules.

Judge Auld's deposition-related sanction is not clearly erroneous, was in fact reasonable and well thought out, and should be affirmed.

Respectfully submitted, this the 10th day of March 2022.

**ENVISAGE LAW**

By: */s/ Anthony J. Biller*
Anthony J. Biller
NC State Bar No. 24,117
Adam P. Banks
NC State Bar No. 47,559
2601 Oberlin Rd, STE 100
Raleigh, NC 27608
Telephone: (919) 414.0313
Facsimile: (919) 782.0452
Email: ajbiller@envisage.law
Email: abanks@envisage.law
*Attorneys for the Graham Defendants*

**HALL BOOTH SMITH, P.C.**

By: */s/ Scott MacLatchie*
Scott MacLatchie

18

>
> North Carolina Bar No. 22824
> Christian Ferlan
> North Carolina Bar No. 53459
> Hall Booth Smith, P.C.
> 11215 North Community House Road
> Suite 750
> Charlotte, North Carolina 28277
> Telephone No. (980) 949-7822
> smaclatchie@hallboothsmith.com
> cferlan@hallboothsmith.com
> *Co-counsel for Defendants Mary Christine Cole, Joaquin Velez and Jonathan Franks*
>
>
> **CRANFILL SUMNER LLP**
>
> By: */s/ Paul G. Gessner*
> Paul G. Gessner
> NC Bar No. 18213
> P.O. Box 27808
> Raleigh, NC 27607
> Telephone (919) 863-8734
> Facsimile (919) 863-3477
> Pgessner@cshlaw.com
> *Attorney for Terry Johnson and Cliff Parker.*
>
>
> **FRAZIER, HILL & FURY, R.L.L.P.**
>
> By: */s/ William L. Hill*
> William L. Hill
> NC Bar No. 21095
> 2307 W. Cone Boulevard, STE 260
> P.O. Box 1559
> Greensboro, NC 27401
> Telephone (336) 378-9411
> Facsimile (336) 274-7358
> whill@frazierlawnc.com
> *Attorneys for Terry Johnson and Cliff Parker.*

19

## Certificate of Compliance

I hereby certify that, excluding portions exempted by LR 7.3(d), this memorandum complies with the word count and page limitations of LR 72.4.

                    By:    */s/ Adam P. Banks*
                               NC State Bar No. 47559
                               2601 Oberlin Rd, STE 100
                               Raleigh, NC 27608
                               Telephone: (919) 414.0313
                               Facsimile: (919) 782.0452