**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**Case No. 1:20-cv-00998-CCE-LPA**

|  |  |
|---|---|
| GREGORY DRUMWRIGHT, *et al*.,<br><br>*Plaintiffs,*<br><br>v.<br><br>TERRY JOHNSON, individually and in his official capacity as Alamance County Sheriff, *et al*.,<br><br>*Defendants* | **ANSWER AND AFFIRMATIVE DEFENSES OF KRISTINE COLE TO PLAINTIFFS' SECOND AMENDED COMPLAINT (DE 71)** |

Defendant Kristine Cole answers the Second Amended Complaint (DE 71) as follows:

## INTRODUCTION

The City of Graham is not a haven for racism or police violence and has never conspired to repress Plaintiff's peaceful protests. It does not have a long history of police violence against minorities. In fact, Graham believes it has no such history, at least not for the better part of one hundred years. To the contrary, Graham has a reputation for being a family friendly, small southern town and its internal policies and practices value racial diversity, as is demonstrated by the diversity of its police force and its city leadership. Graham personnel have put in many long hours trying to keep Graham safe for protestors and a place where Graham citizens can still try to enjoy their downtown once businesses reopened after the Covid shut down orders. The Graham Police Department worked tirelessly through 2020, often short staffed because of Covid. GPD has worked with and oversaw nearly 40 protests in downtown Graham, focused almost entirely on the Confederate monument. Graham does not own, guard or control the Confederate

1

monument or the county courthouse. The monument and courthouse are the jurisdictions of the State of North Carolina and Alamance County.

## ANSWER

1.      Defendant Cole admits that October 31, 2020, was the last day of early voting and same-day voter registration in North Carolina, and three days before the November 2020 General Election. Unless specifically admitted herein, all other allegations contained in paragraph 1 are denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 and therefore, those allegations are denied.

## PARTIES

6.      Defendant Cole is without information sufficient to form a belief as to the purpose and history of Justice for the Next Generation ("J4tNG") and therefore those allegations referring to J4tNG are denied. The remaining allegations contained in paragraph 6 are denied.

7.      Denied.

8.      Defendant Cole is without information sufficient to form a belief as to the purpose and history of Alamance Alliance for Justice ("AA4J") and therefore those allegations referring to AA4J are denied. The remaining allegations contained in paragraph 8 are denied.

9.      Defendant Cole is without information sufficient to form a belief as to AA4J's frustrations and therefore those allegations are denied. To the extent paragraph 9 makes allegations against Defendant Cole, those allegations are denied.

10.     It is admitted that Plaintiff Gregory B. Drumwright is a black resident of Guilford County, North Carolina, and that he helped organize and lead the demonstration on October 31, 2020. . Defendant Cole denies it engaged in any unlawfully actions. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 and therefore, those allegations are denied

11.     It is admitted the Plaintiff Brenden Kee is a Black resident of Greensboro, North Carolina and attended the March. Defendant Cole denies arresting Plaintiff Kee and denies unlawfully pepper spraying Plaintiff Kee. Defendant Cole is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 11 and therefore, those allegations are denied.

12.     It is admitted the Plaintiff Corey Moore is a Black resident of Greensboro, North Carolina. Defendant Cole denies unlawfully pepper spraying Plaintiff Moore. Defendant Cole is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 12 and therefore, those allegations are denied.

13.     It is admitted the Plaintiff Jasmine Breeden is a Black resident of Greensboro, North Carolina. Defendant Cole denies unlawfully pepper spraying Plaintiff Breeden. Defendant Cole is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 12 and therefore, those allegations are denied.

14.     It is admitted that Plaintiff Edith Ann Jones is a white resident of Graham, North Carolina, and registered to vote. Defendant Cole denies unlawfully pepper spraying Plaintiff Jones. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 and therefore, those allegations are denied.

15.     It is admitted that Plaintiff Quenclyn Ellison is a black resident of Burlington, North Carolina, and registered to vote. Defendant Cole denies unlawfully pepper spraying Plaintiff Ellison. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 15 and therefore, those allegations are denied.

16.     Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and therefore, those allegations are denied. It is denied that Defendant Cole injured Plaintiff M.E.

17.     Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 and therefore, those allegations are denied. It is denied that Defendant Cole injured Plaintiff Z.P.

18.     It is admitted that Plaintiff Faith Cook is a black resident of Graham, North Carolina, and registered to vote. Defendant Cole denies unlawfully pepper spraying Plaintiff Cook. Defendant Cole is without information sufficient to form a belief as to the remaining allegations contained in paragraph 18 and therefore, those allegations are denied.

19.     It is admitted that Plaintiff Melanie Mitchell is a white resident of Graham, North Carolina, and registered to vote. Defendant Cole denies unlawfully pepper spraying Plaintiff Mitchell. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and therefore, those allegations are denied.

20.     Defendant Cole is without information sufficient to form a belief as to the allegations contained in paragraph 20 and therefore those allegations are denied. It is denied that Defendant Cole injured Plaintiff J.A.

21.     Defendant Cole is without information sufficient to form a belief as to the

4

allegations contained in paragraph 21 and therefore those allegations are denied. It is denied that Defendant Cole injured Plaintiff B.A.

22.     It is admitted that Plaintiff Janet Nesbit is a black resident of Graham, North Carolina, and registered to vote. Defendant Cole denies unlawfully pepper spraying Plaintiff Nesbit. Defendant Cole is without information sufficient to form a belief as to the remaining allegations contained in paragraph 22 and therefore, those allegations are denied.

23.     It is admitted that Plaintiff Ernestine Lewis Ward is a black resident of Burlington, North Carolina, and registered to vote. Defendant Cole denies unlawfully pepper spraying Plaintiff Ernestine Ward. Defendant Cole is without information sufficient to form a belief as to the remaining allegations contained in paragraph 23 and therefore, those allegations are denied.

24.     It is admitted that Plaintiff Edith Ward is a black resident of Burlington, North Carolina, and registered to vote. Defendant Cole denies unlawfully pepper spraying Plaintiff Edith Ward. Defendant Cole is without information sufficient to form a belief as to whether Plaintiff Edith Ward attended the October 31, 2020 demonstration.

25.     It is admitted that Plaintiff Avery Harvey is a black resident of Graham, North Carolina, and that he attended the October 31 protest in Graham. Defendant Cole denies unlawfully pepper spraying Plaintiff Harvey. Defendant Cole is without information sufficient to form a belief as to the remaining allegations contained in paragraph 25 and therefore, those allegations are denied.

26.     It is admitted that Plaintiff Ashley Reed Batten is a white resident of Hillsborough, North Carolina, and registered to vote in Orange County. Defendant Cole denies unlawfully pepper spraying Plaintiff Reed. Defendant Cole is without information sufficient to

5

form a belief as to the remaining allegations contained in paragraph 26 and therefore, those allegations are denied.

27.     The allegations contained in paragraph 27 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and therefore, those allegations are denied.

28.     The allegations contained in paragraph 28 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 and therefore, those allegations are denied.

29.     The allegations contained in paragraph 29 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 and therefore, those allegations are denied.

30.     The allegations contained in paragraph 30 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 and therefore, those allegations are denied.

31.     It is admitted that Defendant Franks is a part-time employee of the Graham Police Department ("GPD"). The remaining allegations contained in paragraph 31 are denied.

32.     Defendant Franks acted in a lawful manner at all times. Unless specifically admitted herein, all remaining allegations contained in paragraph 32 are denied.

33.     The allegations contained in paragraph 33 are not directed at Defendant Cole. To

6

the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 and therefore, those allegations are denied.

34. The allegations contained in paragraph 34 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 and therefore, those allegations are denied.

35. The allegations contained in paragraph 35 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 and therefore, those allegations are denied.

36. The allegations contained in paragraph 36 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 and therefore, those allegations are denied.

37. The allegations contained in paragraph 37 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 and therefore, those allegations are denied.

38. The allegations contained in paragraph 38 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 and therefore, those allegations are denied.

39.     The allegations contained in paragraph 39 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 and therefore, those allegations are denied.

40.     The allegations contained in paragraph 40 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 and therefore, those allegations are denied.

41.     The allegations contained in paragraph 41 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 and therefore, those allegations are denied.

42.     The allegations contained in paragraph 42 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 and therefore, those allegations are denied.

43.     The allegations contained in paragraph 43 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 and therefore, those allegations are denied.

44.     The allegations contained in paragraph 44 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 and therefore, those

allegations are denied.

45.     The allegations contained in paragraph 45 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 and therefore, those allegations are denied.

46.     The allegations contained in paragraph 46 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 and therefore, those allegations are denied.

47.     The allegations contained in paragraph 47 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 and therefore, those allegations are denied.

48.     The allegations contained in paragraph 48 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 and therefore, those allegations are denied.

49.     The allegations contained in paragraph 49 assert legal conclusions to which a response is not required. Defendant Cole admits that the City of Graham's Municipal Charter and ordinances speak for themself. Unless specifically admitted herein, all other allegations contained in paragraph 49 are denied.

50.     Denied.

51.     Denied.

9

52.     Denied.

53.     It is admitted that Mary Kristine "Kristi" Cole ("Chief Cole") is the Police Chief of the GPD and possess all the responsibilities and authority vested in that office. The cited provisions of the City of Graham Ordinances speak for themselves. It is admitted that the Graham City Manager "shall have general supervision and control of the police department." City of Graham Ordinance Ch. 2, art IV, div. 1 § 2-119. Unless specifically admitted herein, all other allegations contained in paragraph 53 are denied.

54.     Defendant Cole admits that for matters pertaining to the October 31 protest, she acted in a lawful manner and within the scope of her assigned duties. Unless specifically admitted herein, all remaining allegations contained in paragraph 54 are denied.

55.     It is admitted that Defendant Joaquin Velez was a Lieutenant with the GPD in October 2020 and is domiciled in the state. It is further admitted that Defendant Velez was the Patrol Operations Lieutenant and possessed the authority and responsibilities commensurate with that position. Unless specifically admitted herein, all other allegations contained in paragraph 55 are denied.

56.     It is admitted that Defendant Velez was the Patrol Operations Lieutenant with the GPD. Defendant Velez acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 56 are denied.

57.     It is admitted that Defendant Duane Flood was a Support Services Lieutenant with the GPD and domiciled in the state. It is further admitted that Defendant Flood was Support Services Lieutenant and possessed the authority and responsibilities commensurate with that position. Defendant Flood acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 57 are denied.

58.     It is admitted that in 2021, after the October 31 protest, Defendant Rodney King was assigned as the Assistant Chief of Police with the GPD. At all times relevant to Plaintiffs' claims, King was an investigations sergeant with GPD. Defendant King acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 58 are denied.

59.     It is admitted that Defendant Justin Hopkins is an officer with the GPD. Defendant J. Hopkins acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 59 are denied.

60.     It is admitted that Defendant Noah Sakin is an officer with the GPD. Defendant Sakin acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 60 are denied.

61.     It is admitted that Defendant Scott Neudecker is an officer with the GPD and domiciled in the state. Defendant Neudecker acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 61 are denied.

62.     It is admitted that Defendant Eric Jordan is an officer with the GPD on October 31, 2020, and domiciled in the state. Defendant Jordan acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 62 are denied.

63.     It is admitted that Defendant Robert Parks is an officer with the GPD and domiciled in the state. Defendant Parks acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 63 are denied.

64.     It is admitted that Defendant Joshua Payne is an officer with the GPD and domiciled in the state. Defendant Payne acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 64 are denied.

65.     It is admitted that Defendant John Way is an officer with the GPD and domiciled in the state. Defendant Way acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 65 are denied.

66.     It is admitted that Defendant Keith Kirkman was an officer with the GPD and domiciled in the state. Defendant Kirkman acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 66 are denied.

67.     It is admitted that Defendant Chad Boggs was an officer with the GPD and domiciled in the state. Defendant Boggs acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 67 are denied.

68.     It is admitted that Defendant Christopher Denny is an officer with the GPD and domiciled in the state. Defendant Denny acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 68 are denied.

69.     It is admitted that Defendant Brandon Land is an officer with the GPD and domiciled in the state. Defendant Land acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 69 are denied.

70.     Plaintiffs' claims speak for themselves. Except as admitted herein, denied.

71.     The allegations contained in paragraph 71 assert legal conclusions to which a response is not required. To the extent a response is required, the Defendant Cole denies the same.

72.     It is admitted that this Court has jurisdiction over this matter and venue is appropriate. It is denied that Defendant Cole is liable to Plaintiffs in this matter.

73.     The allegations contained in paragraph 73 assert legal conclusions to which a response is not required. To the extent a response is required, the Defendant Cole denies that

there exists adequate basis for supplemental jurisdiction.

74.    It is admitted that this Court has personal jurisdiction. It is denied that Defendant Cole is liable to Plaintiffs in this matter.

75.    It is admitted that this Court has jurisdiction over this matter and venue is appropriate. It is denied that Defendant Cole is liable to Plaintiffs in this matter.

76.    The Federal Rule of Civil Procedure speak for themselves. It is denied that Defendant Cole is liable to Plaintiffs in this matter.

77.    The United States Constitution speaks for itself. To the extent paragraph 77 contains allegations against Defendant Cole, those allegations are denied.

78.    The United States Constitution speaks for itself. To the extent paragraph 78 contains allegations against Defendant Cole, those allegations are denied.

79.    The cited statutes speak for themselves. To the extent paragraph 79 contains allegations against Defendant Cole, those allegations are denied.

80.    The cited case law speaks for itself. To the extent paragraph 80 contains allegations against Defendant Cole, those allegations are denied.

81.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 and therefore, those allegations are denied.

82.    The cited articles speak for themselves. To the extent paragraph 82 contains allegations against Defendant Cole, those allegations are denied.

83.    Denied.

84.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 and therefore, those allegations are denied.

85.    To the extent paragraph 85 contains allegations against Defendant Cole, those

allegations are denied. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 and therefore, those allegations are denied.

86. The cited articles speak for themselves. To the extent paragraph 86 contains allegations against Defendant Cole, those allegations are denied. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 and therefore, those allegations are denied.

87. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 and therefore, those allegations are denied.

88. The pleadings in the cited lawsuit speak for themselves. To the extent the remainder of paragraph 88 contains allegations against Defendant Cole, those allegations are denied.

89. The cited consent order speaks for itself. To the extent the remainder of paragraph 89 contains allegations against Defendant Cole, those allegations are denied.

90. Defendant Cole admits the allegations in paragraph 91, with the exception that upon information and belief, Plaintiff Drumwright and not J4tNG organized the referenced march. Further, the City lacks information sufficient to form a belief regarding what permissions were granted regarding the use of a PA system and generator, and as such, those allegations are denied.

91. It is admitted Graham City Council repealed the Ordinance on July 14, 2020.

92. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 and therefore, those allegations are denied.

93. Denied.

94. The referenced Plaintiff Drumwright letter speaks for itself. Unless specifically admitted herein, the remaining allegations in paragraph 94 are denied.

95. It is admitted that Chief Cole responded to Plaintiff Drumwright on October 9, 2020 and explained the requirement to appear at the next City Council meeting. Unless specifically admitted herein, the remaining allegations in paragraph 95 are denied.

96. It is admitted that Plaintiff Drumwright stated the October 31, 2020 protest would be similar to the July 11, 2020 protest. Unless specifically admitted herein, the remaining allegations in paragraph 96 are denied.

97. It is denied that the City of Grahamgranted Plaintiff Drumwright a permit to utilize the Historic Alamance County Courthouse. Unless specifically admitted herein, the remaining allegations in paragraph 97 are denied.

98. Defendant Cole denies the City of Graham granted Plaintiff Drumwright any permits or authorizing any activity to occur at the Historic Alamance County Courthouse. Defendant Cole denies authorizing the march to conclude at the West Elm polling location. It was agreed that the march would conclude at the Historic Alamance County Courthouse. Unless specifically admitted herein, all remaining allegations in paragraph 98 are denied.

99. Defendant Cole admits Plaintiff Drumwright requested authorization to shut down the traffic circle at North Mains Street as had been done on July 11, 2020 to accommodate his planned protest. Unless specifically admitted herein, all remaining allegations in paragraph 99 are denied.

100. Defendant Cole admits that at its October 13 meeting, the Council advised Plaintiff Drumwright to coordinate logistics for his requested October 31 event with Chief Cole. Unless specifically admitted herein, all remaining allegations in paragraph 100 are denied.

101.    Defendant Cole admits that she met with Plaintiff Drumwright on October 20, 2020, to discuss his planned march and protest, to include routes, street closures for the march, and stage placement options. Defendant Cole further admits that she told Plaintiff Drumwright that she did not have authorization to close the traffic square at North Main Street, other than a temporary closure to allow the marchers to safely proceed to their protest location. Unless specifically admitted herein, all remaining allegations in paragraph 101 are denied.

102.    The referenced email speaks for itself. Unless specifically admitted herein, all remaining allegations in paragraph 102 are denied.

103.    The referenced email is the best evidence of its contents and speaks for itself. Unless specifically admitted herein, the remaining allegations in paragraph 103 are denied.

104.    Denied.

105.    Admitted.

106.    It is admitted that Chief Cole discussed the public safety plan with Plaintiff Drumwright and that she understood the final destination of the march to be the Alamance County Courthouse. Unless specifically admitted herein, the remaining allegations in paragraph 106 are denied.

107.    It is admitted that Chief Cole communicated to Plaintiff Drumwright that traffic would be temporarily halted along the march route. It is admitted that Chief Cole communicated that the Court Square traffic circle would not be closed for longer than required for protestors to progress to the demonstration locations. Unless specifically admitted herein, the remaining allegations in paragraph 107 are denied.

108.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 and therefore, those allegations are denied.

16

109.    Denied.

110.    Admitted that protestors gathered at Wayman Chapel. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of allegations stating the identity of march participants and therefore those allegations are denied.

111.    Denied.

112.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 and therefore, those allegations are denied.

113.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 and therefore, those allegations are denied.

114.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 and therefore, those allegations are denied.

115.    It is admitted that protestors were allowed to walk in, and were escorted down, Main Street and that a GPD vehicle lead the march to the Alamance County Courthouse. Unless specifically admitted herein, all remaining allegations contained in paragraph 115 are denied.

116.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 and therefore, those allegations are denied.

117.    It is admitted that State Highway Patrol and GPD vehicles were present. It is admitted that a GPD vehicle escorted the march from the front. Unless specifically admitted herein, all remaining allegations contained in paragraph 117 are denied.

118.    It is admitted that protestors blocked North Main Street and Courthouse Square for approximately 8 minutes.  Unless specifically admitted herein, all remaining allegations contained in paragraph 118 are denied.

119.    It is admitted that protestors blocked North Main Street and Courthouse Square by

kneeling, standing, sitting, or lying down in the street. It is denied that the blocking of North

Main Street for anything other than marching to the demonstration location was ever agreed

upon or permitted. Unless specifically admitted herein, all remaining allegations contained in

paragraph 119 are denied.

120.    It is admitted that ACSO deputies were present at the Alamance County

Courthouse. Defendant Cole is without information sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in paragraph 120 and therefore, those allegations

are denied.

121.    Denied in part. Officers Parks, Denny, and Payne were not part of the Western

GPD Team and were not deployed to the Northwest side of Court Square until vehicles were

going the wrong way. They were instructed to clear that traffic and then to remain in the

Northwest side of Court Square. The other allegations of paragraph 121 are admitted.

122.    It is admitted that there was a meeting and that Defendant King gave the GPD

officers on the team instructions for coordinating the movement of marchers to the

demonstration areas.

123.    Defendants' statements speak for themselves. Unless specifically admitted herein,

all remaining allegations contained in paragraph 123 are denied.

124.    Defendants' statements speak for themselves. Unless specifically admitted herein,

all remaining allegations contained in paragraph 124 are denied.

125.    Defendant's statements speaks for itself. Unless specifically admitted herein, all

remaining allegations contained in paragraph 125 are denied.

126.    It is admitted that marchers erected a stage. It is denied that marchers were

permitted to block North Main Street while the stage was erected. Unless specifically admitted

18

herein, all remaining allegations contained in paragraph 126 are denied.

127.     Admitted Defendant King communicated to command. Defendant's statement speaks for itself.

128.     Defendant Cole admits that Graham police officers repeatedly ordered protestors to "clear the road."

129.     Denied.

130.     Defendant Cole admits that some protestors vacated the street to the sidewalks when ordered to do so and that several other protestors refused to leave the street when ordered to do so.

131.     Defendant Cole admits that its officers ordered protestors to clear the road and in response, several protestors refused to clear the road and instead began protesting the order to leave the road. Defendant Cole further admits that Sergeant King deployed OC vapor at the pavement at his feet when protestors refused the lawful orders to leave the road. Unless specifically admitted herein, the allegations in paragraph 131 are denied.

132.     Denied.

133.     It is admitted that Officers King and Hopkins deployed OC Vapor, directed at the ground, to clear protestors who still refused repeated orders and warnings to clear the roadway after the first deployment of OC Vapor. Upon information and belief, no other officers deployed OC Vapor at that time. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 133 and therefore, those allegations are denied.

134.     It is denied that any GPD officers directed pepper spray at children, or at elderly, peaceful people. Defendant Cole is without information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 134 and therefore, those allegations are denied.

135.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 and therefore, those allegations are denied.

136.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 and therefore, those allegations are denied.

137.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 and therefore, those allegations are denied.

138.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 138 and therefore, those allegations are denied.

139.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 and therefore, those allegations are denied.

140.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140 and therefore, those allegations are denied.

141.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141 and therefore, those allegations are denied.

142.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 and therefore, those allegations are denied.

143.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 and therefore, those allegations are denied.

144.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 and therefore, those allegations are denied.

145.    Defendant Cole is without information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 145 and therefore, those allegations are denied.

146.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 and therefore, those allegations are denied.

147.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 and therefore, those allegations are denied.

148.    Admitted Defendant King communicated to command. Defendant's statement speaks for itself. Unless specifically admitted herein, the remaining allegations in paragraph 148 are denied.

149.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 149 and therefore, those allegations are denied.

150.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 150 and therefore, those allegations are denied.

151.    Admitted that Defendant GPD officers arrested individuals who did not comply with lawful orders. Unless specifically admitted herein, all remaining allegations contained in paragraph 151 are denied.

152.    It is denied GPD officers deployed pepper spray from the courthouse grounds. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 152 and therefore, those allegations are denied.

153.    Admitted.

154.    Admitted that Plaintiff Harvey was warned he was not in his designated spot. Defendant Jordan's statement speaks for itself. Unless specifically admitted herein, the remaining allegations in paragraph 156 are denied.

155.    It is admitted that Plaintiff Harvey turned away from Defendant GPD officers.

Plaintiff Harvey's statement speaks for itself. Defendant Cole is unaware of the source of this quotation and therefore, the remaining allegations contained in paragraph 155 are denied.

156.    It is admitted that Officer Jordan legally arrested Plaintiff Harvey. Unless specifically admitted herein, all remaining allegations contained in paragraph 156 are denied.

157.    It is admitted that Plaintiff Harvey was lawfully arrested and escorted to the place for transport. The quoted statements speaks for itself. Defendant Cole is unaware of the source of these quotations and therefore, the remaining allegations contained in paragraph 157 are denied.

158.    The quoted statements speaks for itself. Defendant Cole is unaware of the source of these quotations and therefore, the remaining allegations contained in paragraph 158 are denied.

159.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 and therefore, those allegations are denied.

160.    Denied upon information and belief.

161.    Denied there was an entity called "Unified Command" that had the authority to give orders. "Unified Command" was a location, specifically the co-location of GPD, Mayor Peterman, Graham Fire Department ("GFD") and ACSO's operational commanders. To the extent that paragraph 161 makes allegations against Defendant Cole, those allegations are denied.

162.    Denied.

163.    Denied.

164.    Admit that Defendant Payne approached Defendant Park to instruct him to be prepared for whatever might happen next. Sgt. Payne does not recall giving or receiving instructions to retrieve a device used to deploy pepper spray. Unless specifically admitted, the

allegations in paragraph 164 are denied.

165.     Sgt. Payne recalls instructing the officers under his command to be prepared for the unexpected. Unless specifically admitted, the allegations in paragraph 165 are denied.

166.     Admitted upon information and belief ACSO deputies disconnected Plaintiff's Drumwright's sound amplification system from Plaintiff Drumwright's gas generator. Unless specifically admitted herein, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 166 and therefore, those allegations are denied.

167.     The allegations contained in paragraph 167 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 167 and therefore, those allegations are denied.

168.     The allegations contained in paragraph 168 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 168 and therefore, those allegations are denied.

169.     The allegations contained in paragraph 169 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 169 and therefore, those allegations are denied.

170.     The allegations contained in paragraph 170 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 170 and therefore, those

allegations are denied.

171.    The allegations contained in paragraph 171 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 and therefore, those allegations are denied.

172.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172 and therefore, those allegations are denied.

173.    The allegations contained in paragraph 173 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 and therefore, those allegations are denied.

174.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 and therefore, those allegations are denied.

175.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 and therefore, those allegations are denied.

176.    The allegations contained in paragraph 177 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 and therefore, those allegations are denied.

177.    It is denied that the Western GPD Team witnessed ACSO deputies pepper spray Plaintiff Nesbitt. Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 177 and therefore, those allegations are denied.

178.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 178 and therefore, those allegations are denied.

179.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 179 and therefore, those allegations are denied.

180.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 and therefore, those allegations are denied.

181.    Admitted that Defendant Sykes ordered an ACSO deputy to declare the March an unlawful assembly and for the ACSO deputies to disperse the marchers.  Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 181 and therefore, those allegations are denied.

182.    The allegations contained in paragraph 182 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 and therefore, those allegations are denied.

183.    It is admitted most protestors left the Courthouse property but Plaintiffs Drumwright and Kee remained on the stage refusing repeated orders from ACSO to leave the area. Unless specifically admitted herein, the remaining allegations in paragraph 183 are denied.

184.    The allegations contained in paragraph 184 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 184 and therefore, those allegations are denied.

185.    The allegations contained in paragraph 185 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 185 and therefore, those allegations are denied.

186.     The allegations contained in paragraph 186 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 186 and therefore, those allegations are denied.

187.     It is admitted that Lieutenant Flood declared the protest an unlawful gathering and authorized the deployment of OC vapor after protestors failed to obey numerous lawful orders to disburse from the protest area. Unless specifically admitted herein, all remaining allegations contained in paragraph 187 are denied.

188.     Admitted.

189.     The statement speaks for itself. Unless specifically admitted herein, all remaining allegations contained in paragraph 189 are denied.

190.     It is admitted that GPD officers met in the street north of the Courthouse prior to clearing people from Downtown Graham. Unless specifically admitted herein, all remaining allegations contained in paragraph 190 are denied.

191.     It is admitted GPD officers ordered protestors away from Court Square and out of Downtown Graham. Unless specifically admitted herein, all remaining allegations contained in paragraph 191 are denied.

192.     Denied.

193.     Admitted

194.     Admitted.

195.     Defendants' referenced officers do not recall the statements alleged. Defendants'

officers were prepared to spray OC vapor if necessary to clear the area in the event protestors refused lawful commands to leave the area. Unless specifically admitted herein, all remaining allegations contained in paragraph 195 are denied.

196.    Admitted.

197.    It is admitted that officers Jordan, Parks, Land and Boggs deployed OC vaper at the ground. Unless specifically admitted herein, all remaining allegations contained in paragraph 197 are denied.

198.    Denied.

199.    It is denied that Defendants Neudecker and Jordan sprayed the crowd. It is admitted that some marchers walked northbound on Main Street while others contintued to stop walking or turned back southbound. Defendant Neudecker deployed OC vaper at the ground. Defendants are without information sufficient to form a belief as to the intent of the marchers. Unless specifically admitted herein, all remaining allegations contained in paragraph 199 are denied.

200.    It is admitted some GPD officers followed protesters as they headed toward Harden Street.

201.    It is admitted Defendant Velez was a ranking officer for GPD at the Courthouse square and, upon information and belief, he did not order any GPD officer to stop spraying OC vaper at the ground or otherwise. It is denied that Defendant Velez witnessed any GPD officer spraying pepper spray at a crowd and it is further denied that he witnesses all the events Plaintiffs allege in paragraphs 1-201 of the Second Amended Complaint. Defendant Velez acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 201 are denied.

202.     As the term is understood, Defendant Cole denies officer King was "a ranking officer on-site" and, upon information and belief, it is denied he witnessed all of the aforementioned deployments of OC vaper or spray. Upon information and belief, he did not order any GPD officer to stop spraying OC vaper at the ground or otherwise. Defendant King acted in a lawful manner at all times. Unless specifically admitted herein, all other allegations contained in paragraph 202 are denied.

203.     Admitted.

204.     Denied.

205.     Defendant Cole is without information sufficient to form a belief as to the allegations of who attempted to go south toward Elm street in violation of orders to disperse or if they proceeded to the polling place, and therefore those allegations are denied. It is admitted that GPD officers prevented protestors from proceeding south from Court Square after the final warnings to disperse were issued. Unless specifically admitted herein, all other allegations contained in paragraph 205 are denied.

206.     Defendant Cole is without information sufficient to form a belief as to the allegations contained in paragraph 206 and therefore those allegations are denied.

207.     Defendant Cole is without information sufficient to form a belief as to the allegations contained in paragraph 207 and therefore, those allegations are denied.

208.     Defendants are without information sufficient to form a believe as to the allegations in paragraph 208.

209.     Defendant Cole is without information sufficient to form a belief as to the allegations contained in paragraph 209 and therefore, those allegations are denied.

210.     The allegations contained in paragraph 210 are not directed at Defendant Cole. To

the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 210 and therefore, those allegations are denied.

211.     Admitted there were counter-protestors present at the October 31 March and that locations were designated for counter-protestors to keep them separated from protestors. Defendant Cole is not aware that there were "Confederate battle flags and/or [people] wearing neo-confederate symbols" at the protest and therefore denies the same.

212.     It is admitted that GPD officers ordered counter-protestors to leave the Downtown area. It is denied that it was improper to declare the March "an unlawful assembly."

213.     It is admitted counter-protestors did not leave at the first command to disperse just like the March protesters. It is further admitted that Defendant GPD officers deployed OC vapor on the ground near counter-protestors and other nearby people who were not complying with the order to disperse. It is admitted counter-protestors left before being arrested. Unless specifically admitted herein, all other allegations contained in paragraph 213 are denied.

214.     Defendant Cole admits counter-protestors were ordered to move to the location designated for them. Defendant Cole denies this was any kind of forewarning. Defendant Cole is without information sufficient to form a belief as to the remaining allegations contained in paragraph 214 and therefore, those allegations are denied.

215.     Denied.

216.     It is admitted that the protest was lawfully terminated due to Plaintiffs' actions. Defendant Cole is without information sufficient to form a belief as to the remaining allegations contained in paragraph 216 and therefore those allegations are denied.

217.     It is admitted that November 3, 2020, was election day and that Plaintiff

29

Drumwright lead a march to the polls. Defendant Cole is without information sufficient to form a belief as to who else participated in the march. Unless specifically admitted herein, all other allegations contained in paragraph 217 are denied.

218.    Defendant Cole is without information sufficient to form a belief as to the allegations contained in paragraph 218 and therefore those allegations are denied.

219.    It is admitted that GPD officers had been called to the polling place. Defendant Cole is without information sufficient to form a belief as to the other allegations contained in paragraph 219 and therefore those allegations are denied.

220.    Defendant Cole is without information sufficient to form a belief as to the allegations contained in paragraph 220 and therefore those allegations are denied.

221.    Defendant Cole denies acting in an unlawful manner. Defendant Cole is without information sufficient to form a belief as to the other allegations contained in paragraph 221 and therefore those allegations are denied.

222.    Defendant Cole denies acting in an unlawful manner. Defendant Cole is without information sufficient to form a belief as to the other allegations contained in paragraph 222 and therefore those allegations are denied.

223.    Denied.

224.    Denied.

225.    It is admitted that GPD defendants' actions were lawful and an appropriate response to Plaintiffs' unlawful actions on October 31, 2020. Unless specifically admitted herein, all other allegations contained in paragraph 225 are denied.

226.    The Facility Use Policy speaks for itself and is an Alamance County policy, not a GPD policy. To the extent paragraph 226 contains allegations against Defendant Cole, those

allegations are denied.

227.    The Facility Use Policy speaks for itself and is an Alamance County policy, not a GPD policy. To the extent paragraph 227 contains allegations against Defendant Cole, those allegations are denied.

228.    Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 228 concerning Alamance County deputies. Defendant Cole denies being required to follow the arrest guidelines promulgated in Alamance County's Facility Use Policy, and therefore, those allegations are denied.

229.    It is denied that the deployment of OC vapor was unlawful and its use unwarranted for demonstrators who refused to comply with lawful commands to clear the road and to disperse.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied

234.    Defendant Cole is without information sufficient to form a belief as to the allegations contained in paragraph 234 and therefore those allegations are denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    The allegations contained in paragraph 240 are not directed at Defendant Cole. To

the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 240 and therefore, those allegations are denied.

241. The allegations contained in paragraph 241 are not directed at Defendant Cole. To the extent a response is required, Defendant Cole is without information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 241 and therefore, those allegations are denied.

242. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 241 of the Plaintiffs' Second Amended Complaint.

243. It is admitted that Plaintiffs assert claims pursuant to 42 U.S.C. § 1983. It is denied that J4tNG or AA4J have the capacity to bring suit on behalf of their membership.

244. To the extent a response is required from Defendant Cole, the allegations contained in paragraph 244 are denied.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

249. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 249 of the Plaintiffs' Second Amended Complaint.

250. It is admitted that Plaintiffs assert claims pursuant to 42 U.S.C. § 1983. It is denied that J4tNG or AA4J have the capacity to bring suit on behalf of their membership.

251. To the extent a response is required from Defendant Cole, the allegations contained in paragraph 251 are denied.

252. Denied.

253. Denied.

254. Denied.

255. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 245 of the Plaintiffs' Second Amended Complaint.

256. The Voting Rights Act speaks for itself. To the extent a response is required from Defendant Cole, the allegations contained in paragraph 256 are denied.

257. The Voting Rights Act speaks for itself. To the extent a response is required from Defendant Cole, the allegations contained in paragraph 257 are denied.

258. Denied.

259. Denied.

260. Denied.

261. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 241 of the Plaintiffs' Second Amended Complaint.

262. It is admitted that Plaintiffs assert claims pursuant to 42 U.S.C. § 1985(3). 42 U.S.C § 1985(3) speaks for itself. It is denied that J4tNG or AA4J have the capacity to bring suit on behalf of their membership. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 262 are denied.

263. The Ku Klux Klan Act of 1871 speaks for itself. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 263 are denied.

264. The Ku Klux Klan Act of 1871 speaks for itself. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 264 are denied.

265. The Ku Klux Klan Act of 1871 speaks for itself. To the extent a response is

required from Defendant Cole, the remaining allegations contained in paragraph 265 are denied.

266. The Ku Klux Klan Act of 1871 speaks for itself. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 266 are denied.

267. Denied.

268. Denied.

269. Denied.

270. Denied.

271. Denied.

272. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 241 of the Plaintiffs' Second Amended Complaint.

273. The North Carolina Constitution speaks for itself. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 273 are denied.

274. The North Carolina Constitution speaks for itself. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 274 are denied.

275. The North Carolina Constitution speaks for itself. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 275 are denied.

276. The allegations contained in paragraph 276 assert legal conclusions to which a response is not required. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 274 are denied..

277. Denied.

278. Denied.

279. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 241 of Plaintiffs' Second Amended Complaint.

280. The North Carolina Constitution speaks for itself.

281. The North Carolina Constitution speaks for itself. To the extent a response is required from Defendant Cole, the remaining allegations contained in paragraph 281 are denied.

282. The allegations contained in paragraph 282 assert legal conclusions to which a response is not required. To the extent a response is required, the remaining allegations contained in paragraph 281 are denied.

283. Denied

284. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 241 of Plaintiffs' Second Amended Complaint.

285. Denied.

286. Denied.

287. Defendant Cole incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 241 of Plaintiffs' Second Amended Complaint.

288. Denied.

289. Denied.

290. Denied upon information and belief.

## First Additional Defense

Defendant Cole pleads qualified immunity pursuant to Federal law in bar of some or all individual capacity claims made against Defendant Cole.

## Second Additional Defense

Defendant Cole pleads Public Officers' immunity in bar of some or all individual capacity State law claims made against Defendant Cole.

## DEFENDANT COLE'S PRAYER FOR RELIEF

WHEREFORE, Defendant Cole respectfully pray that the Court grant the following relief:

1. Plaintiffs have and receive nothing from Defendant Cole;

2. All claims against Defendant Cole be dismissed with prejudice;

3. The cost of this action, to include reasonable attorney's fees, be taxed to the Plaintiffs;

4. That this matter be triable by jury; and

5. For any other such relief as the Court may deem proper.

RESPECTFULLY SUBMITTED, this the 1st day of April 2022.


**Envisage Law**

By:    */s/ Anthony J. Biller*
Anthony J. Biller
NC State Bar No. 24,117
Adam P. Banks
NC State Bar No. 47,559
2601Oberlin Rd, STE 100
Raleigh, NC 27608
Telephone: (919) 755.1317
Facsimile: (919) 782.0452
Email: ajbiller@envisage.law
Email: abanks@envisage.law

**Attorneys for The City of Graham and its police officers.**