# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUSTICE FOR THE NEXT )
GENERATION, et al., )
                               )
         Plaintiffs, )
                               )    **Civil Action No. 1:20-cv-00998**
v. )
                               )
TERRY JOHNSON, et al., )
                               )
         Defendants. )

**BRIEF IN SUPPORT OF CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO EXCUSE CERTAIN COUNSEL FROM APPROVAL HEARING**

## I. INTRODUCTION AND NATURE OF MATTER

Pursuant to Local Civil Rule ("L.R.") 17.1, Plaintiffs respectfully submit this brief in support of their consent motion to approve the parties' settlement agreement with respect to four minors, M.E., Z.P., J.A., and B.A. L.R. 17.1 protects minors involved in civil litigation by appointing guardians ad litem to act on their behalf, *see* L.R. 17.1(b), and ensuring that "no civil action or proceeding in which a minor . . . is a party . . . may be . . . settled, dismissed, or otherwise terminated without the approval of the Court," L.R. 17.1(c)(1). When parties in civil litigation reach a settlement that involves a minor, they "must file a motion setting forth the reasons justifying the termination and explaining the rights of the minor." L.R. 17.1(c)(2). After receiving such a motion, the Court overseeing the case holds a hearing "to determine whether the termination is fair, reasonable, and in the best interest of the minor." L.R. 17.1(c)(3).

In this case, after several weeks of intense negotiations overseen by mediator Thomas C. Duncan, the parties have reached an arms-length agreement that they believe is fair, reasonable, and in the best interests of M.E., Z.P., J.A., and B.A. *See* Ex. A. The settlement agreement provides for significant monetary relief—a $336,900 aggregate settlement amount—that will be divided equally among all of the plaintiffs, including M.E., Z.P., J.A., and B.A. *Id.* at ¶ 3. Of that total, $70,926.32 (or $17,731.58 per minor plaintiff) is earmarked for payment to M.E., Z.P., J.A., and B.A. *Id.* In the judgment of Plaintiffs' counsel, these monetary terms are reasonable, fair, and protect the interests of M.E., Z.P., J.A., and B.A., particularly in light of the inherent risks associated with discovery, motions

for summary judgment, and trial.

The agreement also contains non-monetary relief that M.E., Z.P., J.A., and B.A. would be unlikely to win at trial. For example, the agreement provides a starting point for a dialogue between Plaintiffs and the City of Graham regarding policing in the city. Ex. A at ¶ 11. The pro bono counsel representing M.E., Z.P., J.A., and B.A. are not seeking compensation for attorneys' fees, court costs, or expenses from the settlement funds provided to M.E., Z.P., J.A., and B.A. *See* L.R. 17.1(d).

Finally, the parties request that this Court exercise its discretion under L.R. 17.1(c)(3) to excuse attorneys who were not principally involved in the negotiation of the settlement agreement from the fairness hearing that this Court is required to conduct.

## II. STATEMENT OF FACTS

### A. THE ALLEGATIONS

This case focuses on the October 31, 2020 I am Change March to the Polls, which took place in Graham, North Carolina. The parties disagree on nearly all of the key facts concerning that demonstration. Plaintiffs contend that Defendants used disproportionate and unjustified force that harmed them, prevented them from exercising their First Amendment rights, and resulted in many of the Plaintiffs being unable to participate in early voting for the 2020 general election. Defendants deny these allegations and assert defenses for qualified immunity and public officers' immunity. The parties' positions on these allegations are more fully set forth in Plaintiffs' Second Amended Complaint, *see* Dkt. 71 ¶¶ 110-150, and Defendants' Answers to Plaintiffs' Second Amended Complaint,

*see* Dkts. 96-130. At the time of settlement, the parties had engaged in discovery and enter into the settlement agreement in order to resolve disputed claims.

## B. THE LITIGATION

Plaintiffs filed this litigation on November 2, 2020. *See* Dkt. 1. M.E., Z.P., J.A., and B.A. were added as plaintiffs in the Plaintiffs' First Amended Complaint. *See* Dkt. 19. On March 29, 2021, this Court granted motions to appoint guardians ad litem for M.E., Z.P., J.A., and B.A. *See* Dkts. 25 & 26. In their Second Amended Complaint, which is the operative version, all Plaintiffs, including M.E., Z.P., J.A., and B.A., assert causes of action for violation of their First and Fourth Amendment rights (Counts I and II), violation of Section 11(b) of the Voting Rights Act (Count III),[1] violations of the North Carolina Constitution (Counts V and VI), and assault and battery (Count VII). *See* Dkt. 71 at ¶¶ 242-260, 272-286. On June 2, 2021, this Court denied Defendants' motions to dismiss Plaintiffs' First Amendment Complaint (which raised claims that were largely identical to the operative complaint). *Allen v. City of Graham*, 2021 WL 2223772, at *1 (M.D.N.C. 2021).

The case proceeded to discovery. *See* Dkt. 33. Defendants filed a motion to compel certain discovery responses. *See* Dkts. 62, 63. After holding several hearings into the matter, Magistrate Judge Auld granted the Defendants' motion. *See* Fed. 2, 2022 Text

---

[1] Count IV, violation of the Ku Klux Klan Act of 1871, is asserted only by Plaintiffs Jones, Harvey, Cook, J4TNG, and AA4J, but not M.E., Z.P., J.A., and B.A. *See* Dkt. 71 at ¶¶ 261-271. Count VIII, common law false arrest, is asserted only by Plaintiffs Harvey and Cook. *Id.* at ¶¶ 287-290.

3

Order. He ordered that Plaintiffs were required to sit for depositions of up to 9 hours in length and that Plaintiffs should pay 20% of the expenses and attorneys' fees incurred by Defendants in taking Plaintiffs' depositions. *Id.* Magistrate Judge Auld also directed that "Plaintiffs and their counsel shall pay reasonable expenses, including attorneys' fees, incurred by Defendants" in connection with the motion to compel. *See* Fed. 2, 2022 Text Order. Subsequently, Defendants sought $26,394.12 in costs and attorneys' fees associated with the motion to compel. *See* Dkt. 77-1. Plaintiffs contested this amount as excessive. Dkt. 77. Prior to settlement, the Magistrate Judge had not determined the appropriate amount to be awarded Defendants.

### C. THE SETTLEMENT

On August 26, 2021, this Court appointed Thomas C. Duncan to serve as the mediator in this action pursuant to L.R. 83.9. *See* Dkt. 37.

On March 2, 2021, Mr. Duncan conducted an initial mediation conference with the parties. Although Defendants initially described this mediation as "a failure," Dkt. 94 at 4, that turned out to not be the case. Mr. Duncan continued his discussions with the parties concerning a possible settlement structure after the March 2, 2021 conference. On March 24, 2022, the parties held a video conference regarding a discovery matter. At the close of that conference, counsel for Plaintiffs and the City Defendants had a bilateral discussion about a possible settlement structure. That discussion proved to be fruitful, and resulted in further letters and discussions concerning a possible settlement structure.

Once the parties coalesced on a general settlement structure, they began intense

4

negotiations regarding the terms of the settlement agreement. Those negotiations were made more difficult by the number of individual plaintiffs and defendants in this matter. Nevertheless, by May 6, 2022, the parties had reached an agreement in principle to settle the matter. On May 12, 2022, the parties reduced their agreement to a written settlement agreement. The agreement was fully executed on March 17, 2022. *See* Ex. A.

In addition to paying the $17,731.58 to be provided to each minor Plaintiff by the settlement agreement, all sides will waive any claims to attorneys' fees or costs that they have against one another. *See* Ex. A ¶¶ 3, 9. The agreement further requires GPD Chief Cole to meet with any interested plaintiffs within 60 days of the settlement, provides a six month hiatus on any litigation by these Plaintiffs in challenging a city protest ordinance that Graham City Council members intend to amend, and further provides that the parties will agree to this Court's enforcement jurisdiction over the settlement. *See id.* ¶¶ 11, 12, 20.

### III. QUESTIONS PRESENTED

1. Should the Court approve the Settlement Agreement as being fair, reasonable, and in the best interests of M.E., Z.P., J.A., and B.A.?

2. Should the Court exercise its discretion under L.R. 17.1 to excuse counsel from the hearing where multiple attorneys represent the same clients and the attendance of multiple counsel would be wasteful?

## IV. ARGUMENT

### A. The Settlement Is Fair, Reasonable, and in Plaintiffs' Best Interest

Courts approve settlements under L.R. 17.1 when they are "the product of a fair, reasonable, and appropriate arms' length negotiation between actual adversaries.". *Aldridge v. Oxford Apparel, Inc.*, 348 F. Supp. 2d 574, 577 (M.D.N.C. 2004). Courts also consider whether the settlement "derives from a mediation process which has been approved and sanctioned by this Court." *Id.* In order for a settlement with a minor party to be approved, "the parties must establish to the satisfaction of the Court":

(i) the facts giving rise to the cause[s] of action and the contentions of the parties with respect to liability and damage;

(ii) the facts concerning the nature and extent of any injury or damages suffered by the minor . . ., supported by medical records and reports in personal injury cases;

(iii) medical and hospital expenses, if any, incurred or likely to be incurred;

(iv) the concurrence of the attorney, guardian ad litem or other legal representative that the proposed settlement is fair, reasonable, and in the best interest of the minor . . .; [and]

(v) the facts with respect to any related claims or liens, including separate claims of parents for expenses, and the disposition or status of such other claims.

L.R. 17.1(c)(4). These requirements "may be satisfied by summaries made by the parties or their attorneys." L.R. 17.1(c)(5).

6

Each of the L.R. 17.1(c)(4) requirements are satisfied here. The foregoing statement of facts describes the "facts giving rise to the cause[s] of action" and the "facts concerning the nature and extent of any injury or damages suffered" by M.E., Z.P., J.A., and B.A. *See* L.R. 17.1(c)(4)(i)-(ii). Here, settlement would have the added benefit of sparing minor plaintiffs the potential necessity of sitting for a deposition and/or testifying at trial, thereby guarding their privacy. The settlement represents a significant monetary award for Plaintiffs and includes non-monetary relief that, in the judgment of Plaintiffs' counsel, Plaintiffs would be unlikely to win at trial. The settlement in this was obtained by intense, arms' length negotiations between experienced litigation counsel with the assistance of this mediator appointed by this Court. Notably, the $17,731.58 per plaintiff settlement amount is higher than the $17,142.86 per plaintiff reportedly obtained by the plaintiffs in a parallel case concerning the same facts, *Allen v. City of Graham, et al.*, No. 1:20-cv-0997 (M.D.N.C.). *See* Isaac Groves, *Alamance County, Graham and Oct. 31 Protestors Settling Lawsuit*, Burlington Times-News (May 19, 2022), shorturl.at/gBFKY ("The city and county settled another suit over the crackdown – Allen v. City of Graham – last June paying out $120,000 between them."). Therefore, the settlement in this case is fair, reasonable, and in the best interests of M.E., Z.P., J.A., and B.A. *Aldridge*, 348 F. Supp. 2d at 577.

## B.     Certain Counsel Should Be Excused from the Approval Hearing

L.R. 17.1(c)(3) requires this Court to conduct a hearing to determine the fairness of the settlement agreement and requires "attorneys for all parties" to attend that hearing. L.R. 17.1(c)(3). However, this Court may exercise its discretion to excuse certain counsel or

7

other persons from the approval hearing. *Id.* It is proper for the Court to exercise that discretion here.

The parties are currently represented by 16 attorneys (10 for Plaintiffs and 6 for Defendants) from multiple law firms and legal aid organizations. The presence of 16 attorneys is not necessary to conduct the L.R. 17.1 fairness hearing. Consequently, the parties request that the following attorneys be excused from attending the hearing: Jason L. Keith, Daniel K. Siegel, Dorian L. Spence, Geoffrey M. Pipoly, Jennifer N. Nwachukwu, Kfir B. Levy, Michael H. Bornhorst, Adam P. Banks, Christian Ferlan, Scott D. MacLatchie, and William L. Hill. The attorneys that were principally responsible for negotiating the settlement agreement will attend the L.R. 17.1 hearing.

## V. CONCLUSION

For the foregoing reasons, the motion in full; find that the settlement agreement is fair, reasonable, and in the best interest of M.E., Z.P., J.A., and B.A.; and grant final approval of this settlement. This Court should further excuse counsel who were not principally involved in negotiating the settlement agreement from attending the L.R. 17.1 hearing.

Respectfully submitted, this the 23rd day of May, 2022.

Counsel for Plaintiffs:

| */s/ Dorian L. Spence* | */s/ Jaclyn Maffetore* |
|---|---|
| Dorian L. Spence* | Kristi L. Graunke |
| Maryland Bar No. 0912170195 | North Carolina Bar No. 51216 |
| Jennifer Nwachukwu* | kgraunke@acluofnc.org |
| Maryland Bar No. 20869 | Jaclyn Maffetore |
| jnwachukwu@lawyerscommittee.org | North Carolina Bar No. 50849 |

8

Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, D.C. 20005
Tel. 202-662-8300

Jason L. Keith
North Carolina Bar No:34038
Keith & Associates, PLLC
241 Summit Avenue,
Greensboro, NC 27401

jmaffetore@acluofnc.org
Daniel K. Siegel
North Carolina Bar No. 46397
dsiegel@acluofnc.org
ACLU of North Carolina
P. O. Box 28004
Raleigh, NC 27611-8004
Tel: 919-834-3466

*/s/ Stephen M. Medlock*
Michael Bornhorst\*
Geoffrey Pipoly\*
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 782-0600
mbornhorst@mayerbrown.com
gpipoly@mayerbrown.com

Kfir B. Levy\*
Stephen M. Medlock\*
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
klevy@mayerbrown.com
smedlock@mayerbrown.com

*\* By Special Appearance*

9

## L.R. 7.3(d) Certification

I certify that the foregoing brief contains 2,357 words.

> */s/ Stephen M. Medlock*
> Stephen M. Medlock
> *Counsel to Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on May 23, 2022 I caused the foregoing document to be filed using the Court's CM/ECF which will electronically notify all counsel of record:

Anthony J. Biller
Adam P. Banks
ENVISAGE LAW
2601 Oberlin Rd., Suite 100
Raleigh, NC 27608
ajbiller@envisage.law
apbanks@envisage.law

Scott D. Maclatchie
HALL BOOTH SMITH, P.C.
11215 North Community House Road
Suite 750
Charlotte, NC 28277
cferlan@hallboothsmith.com
smaclatchie@hallboothsmith.com

William H. Hill
FRAZIER, HILL & FURY, RLLP
2307 W. Cone Blvd., Suite 260
Post Office Drawer 1559
Greensboro, NC 27401
whill@frazierlawnc.com

Paul G. Gessner
CRANFILL SUMNER LLP
PO Box 27808
Raleigh, NC 27611
pgessner@cshlaw.com

/s/ *Stephen M. Medlock*
Stephen M. Medlock
*Counsel to Plaintiffs*

11

Case 1:20-cv-00998-CCE-LPA   Document 138-1   Filed 05/23/22   Page 12 of 13

12